IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| BIO GEN, LLC, DRIPPERS VAPE SHOP, LLC, THE CIGARETTE STORE LLC d/b/a SMOKER FRIENDLY, and SKY MARKETING CORPORATION d/b/a HOMETOWN HERO | PLAINTIFFS |
| v.    Case No. 4:23-CV-718 (BRW) | |
| THE STATE OF ARKANSAS; GOVERNOR SARAH HUCKABEE SANDERS in her official capacity; ATTORNEY GENERAL JOHN TIMOTHY GRIFFIN in his official capacity; TODD MURRAY, SONIA FONTICIELLA, DEVON HOLDER, MATT DURRETT, JEFF PHILLIPS, WILL JONES, TERESA HOWELL, BEN HALE, CONNIE MITCHELL, DAN TURNER, JANA BRADFORD, FRANK SPAIN, TIM BLAIR, KYLE HUNTER, DANIEL SHUE, JEFF ROGERS, DAVID ETHREDGE, TOM TATUM, II, DREW SMITH, REBECCA REED MCCOY, MICHELLE C. LAWRENCE, DEBRA BUSCHMAN, TONY ROGERS, NATHAN SMITH, CAROL CREWS, KEVIN HOLMES, CHRIS WALTON, and CHUCK GRAHAM, each in his or her official capacity as a prosecuting attorney for the State of Arkansas; ARKANSAS DEPARTMENT OF FINANCE AND ADMINISRTATION; ARKANSAS TOBACCO CONTROL BOARD; ARKANSAS DEPARTMENT OF AGRICULTURE; and ARKANSAS STATE PLANT BOARD | DEFENDANTS |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
OR ALTERNATIVE MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, Bio Gen, LLC ("Bio Gen"), Drippers Vape Shop, LLC ("Drippers"), The Cigarette Store LLC d/b/a Smoker Friendly ("Smoker Friendly"), and Sky Marketing Corporation d/b/a Hometown Hero ("Sky Marketing") (collectively, "Plaintiffs"), by counsel, and pursuant to Federal Rule of Civil Procedure 65, hereby

move this Court to issue a temporary restraining order, or alternatively for a preliminary injunction, against Defendants, The State of Arkansas ("Arkansas"), Governor Sarah Huckabee Sanders in her official capacity ("Governor Sanders"), Attorney General John Timothy Griffin in his official capacity, Todd Murray, Sonia Fonticiella, Devon Holder, Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Jana Bradford, Frank Spain, Tim Blair, Kyle Hunter, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum, II, Drew Smith, Rebecca Reed McCoy, Michelle C. Lawrence, Debra Buschman, Tony Rogers, Nathan Smith, Carol Crews, Kevin Holmes, Chris Walton, and Chuck Graham, each in his or her official capacity as a prosecuting attorney for the State of Arkansas ("Prosecutors"); Arkansas Department of Finance and Administration, Arkansas Tobacco Control Board, Arkansas Department of Agriculture; and Arkansas State Plant Board (collectively, "Defendants"). No expedited discovery is anticipated in this matter at this time, and there are no factual issues to resolve given that the case raises primarily legal issues. Plaintiffs therefore request that the Court set this matter for oral argument as soon as convenient for the Court and grant their Motion.

As set forth more fully in the Complaint for Declaratory and Injunctive Relief and the supporting memorandum accompanying this Motion, there is a reasonable likelihood that Plaintiffs will succeed on the merits of their claims at trial, because Act 629 of the 94th General Assembly of Arkansas violates the Supremacy and Commerce Clauses of the United States Constitution, constitutes an impermissible regulatory taking, and is void for vagueness in violation of the Due Process Clause of the Fifth and Fourteenth Amendments.

Specifically, the federal Agriculture Improvement Act of 2018 materially preempts Act 629, which therefore violates the Supremacy Clause, because it impermissibly narrows the definition of hemp by making production infeasible, recriminalizing certain popular hemp-derived cannabinoid products, including Delta-8, and because it places an impermissible restriction on the transportation of those hemp products through Arkansas. This prohibition on the possession and transport of certain hemp products through Arkansas also violates the Commerce Clause by outlawing the interstate commerce of those hemp products declared legal under federal law. Additionally, Act 629 constitutes an impermissible regulatory taking, because it effectively creates a total ban of hemp containing any amount of tetrahydrocannabinol, which impermissibly infringes upon the investment-backed expectations and industries in which Plaintiffs, and other Arkansas citizens, have built their livelihoods. Finally, Act 629 is unconstitutionally vague, because it fails to give a person of ordinary intelligence fair notice as to what contemplated conduct is forbidden and what is permitted with regard to the possession, transportation, and shipment of the products it seeks to ban.

The remaining elements for a temporary restraining order are also satisfied here. Plaintiffs have, and will, suffer irreparable harm for which there is no adequate remedy at law if they cannot obtain the requested injunctive relief, as Act 629 would render their inventory of hemp crops and hemp-derived products utterly worthless, expose them to criminal liability, and inhibit them from transporting or shipping commodities declared legal under the 2018 Farm Bill. These harms as to farmers are occurring now and as to those in the hemp-derived products market will occur as early

as August 1, 2023, and affidavits pursuant to Rule 65(b)(1) support this Motion. Likewise, undersigned counsel has made efforts to notify the Attorney General of this filing; however, such notice should be excused given the emergency requiring a temporary restraining order.

The weighing of harms falls in favor of Plaintiffs, and the granting of this injunction serves the public interest because unconstitutional actions by state actors are *per se* harmful and against the citizens' best interests.

In addition to Plaintiffs' accompanying Brief in Support, this Motion is supported by the following Exhibits:

**Exhibit 1**   Arkansas Tobacco Control Board Advisory

**Exhibit 2**   *Kentucky Hemp* Order Dated February 28, 2022

**Exhibit 3**   *Sky Marketing* Order November 8, 2021

**Exhibit 4**   Declaration of Cynthia Cabrera (Sky Marketing Corporation)

**Exhibit 5**   Declaration of William "Bill" Morgan (Bio Gen, LLC)

**Exhibit 6**   Declaration of Scout Stubbs (Drippers Vape Shop, LLC)

**Exhibit 7**   Declaration of Mary Szarmach (The Cigarette Store LLC)

**Exhibit 8**   Correspondence with Solicitor General of Arkansas

WHEREFORE, Plaintiffs, by counsel, for the reasons further set forth in the Complaint and accompanying Brief in Support of Motion for Temporary Restraining Order, or Alternative Motion for Preliminary Injunction, request that this enter a temporary restraining order that enjoins Defendants from enforcing Act 629, set a hearing, and for all other relief to which Plaintiffs are entitled.

Dated: July 31, 2023.

Respectfully submitted,

Abtin Mehdizadegan (2013136)
Joseph C. Stepina (2020124)
Allison T. Scott (2020205)
HALL BOOTH SMITH, P.C.
200 River Market Avenue, Suite 500
Little Rock, Arkansas 72201
Telephone: (501) 371-0808
Facsimile: (501) 604-5566
abtin@hallboothsmith.com
jstepina@hallboothsmith.com
allisonscott@hallboothsmith.com

- and -

Justin Swanson
Paul Vink
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5404
(317) 223-0404
jswanson@boselaw.com
pvink@boselaw.com
*Pro hac vice applications forthcoming*

***Attorneys for Plaintiffs***