IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BIO GEN, LLC, DRIPPERS VAPE SHOP, LLC,
THE CIGARETTE STORE LLC d/b/a SMOKER
FRIENDLY, and SKY MARKETING
CORPORATION d/b/a HOMETOWN HERO                           PLAINTIFFS

v.                           Case No. 4:23-CV-718 (BRW)

GOVERNOR SARAH HUCKABEE SANDERS
in her official capacity; ATTORNEY GENERAL
JOHN TIMOTHY GRIFFIN in his official capacity;
TODD MURRAY, SONIA FONTICIELLA,
DEVON HOLDER, MATT DURRETT, JEFF PHILLIPS,
WILL JONES, TERESA HOWELL, BEN HALE,
CONNIE MITCHELL, DAN TURNER, JANA BRADFORD,
FRANK SPAIN, TIM BLAIR, KYLE HUNTER, DANIEL SHUE,
JEFF ROGERS, DAVID ETHREDGE, TOM TATUM, II,
DREW SMITH, REBECCA REED MCCOY,
MICHELLE C. LAWRENCE, DEBRA BUSCHMAN,
TONY ROGERS, NATHAN SMITH, CAROL CREWS,
KEVIN HOLMES, CHRIS WALTON, and CHUCK
GRAHAM, each in his or her official capacity as a prosecuting
attorney for the State of Arkansas; JIM HUDSON, in his official
capacity as Director of the ARKANSAS DEPARTMENT
OF FINANCE AND ADMINISTRATION; GREG SLED, in his
official capacity as Director of the ARKANSAS TOBACCO
CONTROL BOARD; WES WARD, in his official capacity as
Secretary of the ARKANSAS DEPARTMENT OF
AGRICULTURE; and MATTHEW MARSH, in his official
Capacity as Chair of the ARKANSAS STATE PLANT BOARD        DEFENDANTS

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

As expressed by Chief Judge D. Price Marshall, Jr., "Suffice it to say that, once litigation begins, a lawyer cannot represent her client as effectively and zealously as she otherwise could if all written communication with her client, as well as all her research, strategy, and notes are open to interested citizens . . . and thus, inevitably, to opposing parties in the case." *Fatemi v. White*, 2014 WL 12754937, at *2, Case No. 4:11-cv-458-DPM (E.D. Ark. Mar. 27, 2014).

1

Defendants acknowledge the important purpose of the Arkansas Freedom of Information Act ("FOIA"), but the use of the law as a sword to gain advantage in litigation does not advance such purpose. Here, Plaintiffs and/or their counsel have specifically requested information that is protected by the federal common law attorney-client and work product privileges. For the reasons set forth below, Defendants respectfully request the Court grant its motion and enter an Order of Protection protecting privileged materials from disclosure to Plaintiffs, their attorneys, or any other person requesting them under FOIA until the conclusion of this litigation.

## FACTUAL BACKGROUND

On July 31, 2023, Plaintiffs filed their original Complaint (Doc. No. 1) seeking to enjoin Act 629 of 2023. They amended their Complaint on August 15, 2023 (Doc. No. 51) to name as Defendants specific officials in their respective capacities of the Arkansas state agencies sued in the original Complaint. The core of Plaintiffs' case is that Act 629 violates the 2018 Farm Bill, as well as their Supremacy Clause, Commerce Clause, Takings Clause, and due-process claims under the U.S. Constitution. *See* Amend. Compl. 20-31.

On August 23, 2023, a hearing was held on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss. The Court entered an order (Doc. No. 65, 66) granting Plaintiffs' Motion for Preliminary Injunction and denying Defendants' Motion to Dismiss on September 7, 2023.

Defendants sought a stay of the injunction and filed a Notice of Appeal on Friday, October 6, 2023. The Court entered a text order denying the stay motion on Tuesday, October 10, 2023.

The same day, Plaintiffs' counsel issued FOIA requests to all Defendants in this case excepting the governor and attorney general.

The emails are identical and read as follows:

> Dear Mr. Ward,
>
> This is a FOIA request. I am an Arkansas resident.
>
> This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.
>
> Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.
>
> Regards,
>
> Abtin

*See* copy of email from Mr. Abtin Mehdizadegan to Defendant Wes Ward, Secretary of the Arkansas Department of Agriculture, attached hereto as Exhibit A (emphasis in original). *See also* email from Mr. Mehdizadegan to Defendant Ben Hale, Prosecuting Attorney, Eighth Judicial District – North of Arkansas (Exhibit B); to Defendant Jim Hudson, Director of the Arkansas Department of Finance and Administration (Exhibit C); to Greg Sled, Director of the Arkansas Tobacco Control Board (Exhibit D); and to Matthew Marsh, Chair of the Arkansas State Plant Board (Exhibit E).

## **STANDARD FOR ENTERING A PROTECTIVE ORDER**

Rule 26(c) of the Federal Rules of Civil Procedure grants parties or any person the right to seek protection from the court from a request to produce information to which the requestor is not entitled. Fed. R. Civ. P. 26(c). This includes the safeguard from disclosure of information that is

protected by the attorney work product and attorney-client communication privileges. Fed. R. Civ. P. 26; Fed. R. Evid. 502. The rules require the movant to show good cause for the protective order, "which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements * * *." *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics Corp.*, 481 F.2d at 1212.

## ARGUMENT

I.    Federal Law is Controlling

As outlined above, all of Plaintiffs' claims in this matter are federal, and therefore, the federal law governs the privilege and work-product issues presented in this case. *See Jacksonville N. Pul. Sch. Dist. v. DM*, No. 42, 2020 WL 7391386, Case No. 4:20-cv-256-BRW (E.D. Ark. Dec. 16, 2020); *Fatemi v. White*, 2014 WL 12754937, at *2, Case No. 4:11-cv-458-DPM (E.D. Ark. Mar. 27, 2014) (citing *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985; *see also Hansen v. Allen Memorial Hospital*, 141 F.R.D. 115, 121 (S.D. Iowa 1992). "The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege … [.]" *Fatemi*, 2014 WL at *2 (quoting Fed. R. Evid. 501). "Bounded by Federal Rule of Civil Procedure 26(b)(3)'s provisions, and Federal Rule of Evidence 502's specifics on waiver, federal common law governs on work product too. *Fatemi*, 2014 WL at *2. While State law informs the federal common law, "this federal Court [] is not bound by this Arkansas precedent in applying the Federal Rules of Evidence or in interpreting the federal common law of privilege and work product." *Id*.

Regarding the attorney-client privilege, the Eighth Circuit has explained,

> Generally, it is well established under common law that confidential communications between an attorney and a client are privileged and not subject to disclosure absent consent of the client. **[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.**

*Benson v. City of Lincoln*, 343 F.R.D. 595, 607 (D. Neb. 2023) (quoting *United States v. Ivers*, 967 F.3d 709, 715-16 (8th Cir. 2020)) (emphasis added). The party invoking the privilege "must show that the statements at issue were 'made for the purpose of facilitating the rendering of legal services to the client.'" *Benson*, 343 F.R.D. at 607 (citing *Ivers*, 967 F.3d at 716 (quoting *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012)).

As to the work-product privilege,

> The work product privilege is distinct from and broader than the attorney-client privilege. While the purpose of the attorney-client privilege is to encourage clients to make a full disclosure of all favorable and unfavorable facts to their legal counsel, the work product privilege functions not merely and (perhaps) not mainly to assist the client in obtaining complete legal advice but in addition **to establish a protected area in which the lawyer can prepare his case free from adversarial scrutiny**. Because the work product privilege protects not just the attorney-client relationship but the interests of attorneys to their own work product, both the attorney and the client hold the privilege.

*Benson*, 343 F.R.D. at 608 (quoting *In re Green Grand Jury Proc.*, 492 F.3d 976, 980 (8th Cir. 2007)) (emphasis added). There are two types of work product: ordinary or non-opinion work product and opinion work product. "Ordinary" or "non-opinion" work product "includes 'raw factual information.'" *Benson*, 343 F.R.D. at 609 (quoting *In re Green Grand Jury Proc.*, 492 F.3d at 980). "[It] is generally discoverable upon a showing of substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. Opinion work product—which encompasses a lawyer's opinions, conclusions, mental impressions, and

5

legal theories—is afforded substantially more protection." *Benson*, 343 F.R.D. at 608-9 (quoting *In re Grand Jury Proc., G.S., F.S.*, 609 F.3d 909, 912-13 (8th Cir. 2010). As held by the Eighth Circuit, "[o]pinion work product [] enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Benson*, 343 F.R.D. at 609 (quoting *In re Green Grand Jury Proc.*, 492 F.3d at 980 (8th Cir. 2007)).

    II.    <u>The Request Materials are Privileged and Entitled to Protection</u>

The information requested under FOIA is protected by federal common law privileges, and therefore, Defendants are entitled to an order of protection. Moreover, FOIA explicitly permits a Court to issue orders protecting documents from disclosure. *See* Ark. Code Ann. § 25-19-105(b)(8).

Plaintiffs' FOIA request can be broken down as follows:

> All communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present;
>
> In particular, and not by way of limitation, any documents or information regarding *Bio Gen, LLC v. Sanders et al.*;
>
> Including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

In every respect, this request falls squarely within the protections granted by the attorney-client and work product privileges. For one, the request was directed to the Defendants (again excepting the governor and attorney general) and seeks the production of materials during the pendency of this litigation and related to this specific litigation. Very deliberately, it seeks attorney-client communications regarding the litigation, going so far as to any and all discussions on strategy decisions in the case. Beyond communications, the request seeks information that is

6

protected work product. Specifically, materials and communications exchanged with Defendants developing and preparing the case throughout the litigation process. The attorney-client privilege and the work-product protection "are part of the furniture in our adversary system." *Fatemi*, 2014 WL at *2.

For the same reasons articulated in this Court's order in *Jacksonville N. Pul. Sch. Dist.*, Chief Judge Marshall's order in *Fatemi*, and by the Eighth Circuit, the Court should find this FOIA request seeks information that falls under the protections of federal common law privileges, and therefore, is not subject to disclosure under FOIA. To order disclosure "would seriously injury [Defendants] by unveiling their defense, including counsels' assessment of strengths and weaknesses, both legal and factual, on both sides of the case." *Fatemi*, 2014 WL at *2.

In *Fatemi*, Chief Judge Marshall entered a protective order that attorney-client and work-product privileged materials in the case were protected from disclosure to anyone requesting them under FOIA during the pendency of the case and any case between the parties. *Fatemi*, 2014 WL at *3. The protective order was to dissolve thirty calendar days after all litigation ended. *Id*. The litigation was deemed concluded when all possible appeals had been decided or when the time to pursue any remaining appeal had run. *Id*. Defendants are entitled to such order.

## **CONCLUSION**

In light of the foregoing arguments and authorities, Defendants respectfully request the Court grant their motion and enter an Order of Protection prohibiting privileged materials from disclosure to Plaintiffs, their attorneys, or any other person requesting them under FOIA until the

conclusion of this litigation.

Dated: October 13, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　TIM GRIFFIN
　　　　　　　　　　　　　　　　　　　　Attorney General

　　　　　　　　　　　　　　　　　　　　*Jordan Broyles*
　　　　　　　　　　　　　　　　　　　　Jordan Broyles, Ark. Bar No. 2015156
　　　　　　　　　　　　　　　　　　　　Senior Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　Arkansas Attorney General's Office
　　　　　　　　　　　　　　　　　　　　323 Center Street, Suite 200, Little Rock, AR 72201
　　　　　　　　　　　　　　　　　　　　Phone: (501) 682-9482, Fax: (501) 682-2591
　　　　　　　　　　　　　　　　　　　　Email: jordan.broyles@arkansasag.gov

　　　　　　　　　　　　　　　　　　　　*Attorneys for all Defendants*

## CERTIFICATE OF SERVICE

I, Jordan Broyles, hereby certify that on October 13, 2023, I electronically filed the foregoing pleading on behalf of all Defendants using the CM/ECF system, which will send notifications to all attorneys of record.

　　　　　　　　　　　　　　　　　　　　*Jordan Broyles*
　　　　　　　　　　　　　　　　　　　　Jordan Broyles