IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BIO GEN, LLC, DRIPPERS VAPE SHOP, LLC,                    PLAINTIFFS
THE CIGARETTE STORE LLC d/b/a SMOKER
FRIENDLY, and SKY MARKETING
CORPORATION d/b/a HOMETOWN HERO,

v.                        Case No. 4:23-CV-718 (BRW)

GOVERNOR SARAH HUCKABEE SANDERS,                         DEFENDANTS
in her official capacity; ATTORNEY GENERAL
JOHN TIMOTHY GRIFFIN
in his official capacity;
TODD MURRAY, SONIA FONTICIELLA,
DEVON HOLDER, MATT DURRETT,
JEFF PHILLIPS, WILL JONES, TERESA HOWELL,
BEN HALE, CONNIE MITCHELL, DAN TURNER,
JANA BRADFORD, FRANK SPAIN, TIM BLAIR,
KYLE HUNTER, DANIEL SHUE, JEFF ROGERS,
DAVID ETHREDGE, TOM TATUM, II,
DREW SMITH, REBECCA REED MCCOY,
MICHELLE C. LAWRENCE, DEBRA BUSCHMAN,
TONY ROGERS, NATHAN SMITH, CAROL CREWS,
KEVIN HOLMES, CHRIS WALTON,
and CHUCK GRAHAM, each in his or her official capacity
as a prosecuting attorney for the State of Arkansas;
JIM HUDSON, in his official capacity as director of the
ARKANSAS DEPARTMENT OF FINANCE
AND ADMINISTRATION; GREG SLED,
in his official capacity as director of the ARKANSAS
TOBACCO CONTROL BOARD; WES WARD,
in his official capacity as secretary of the ARKANSAS
DEPARTMENT OF AGRICULTURE; and
MATTHEW MARSH, in his official capacity as
chair of the ARKANSAS STATE PLANT BOARD

**PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs Bio Gen, LLC, Drippers Vape Shop, LLC, The Cigarette Store, LLC d/b/a

Smoker Friendly, and Sky Marketing Corporation d/b/a Hometown Hero, for their Brief

in Opposition to Defendants' Motion for Protective Order, respectfully state:

# TABLE OF CONTENTS

**INTRODUCTION** ..................................................................................... 1

**LOCAL RULE 7.2 STATEMENT** ............................................................. 2

**LEGAL STANDARD** ................................................................................. 4

**ARGUMENT** ............................................................................................. 5

A. The Attorney General Should Be Estopped from Taking Inconsistent Positions...8

B. The Court Should Abstain from Considering Defendants' Motion Because They Can Obtain the Relief They Seek from an Arkansas Court....................................11

C. Applying the Federal Common Law of Attorney-Client Privilege and Attorney Work Product in Light of the Court's Reason and Experience Requires the Denial of Defendants' Motion........................................................................... 13

       1.    The FOIA and the Federal Common Law of Privilege Comfortably Coexist in the Context of This Lawsuit. ........................................... 14

       2.    Interpreting the Common Law in Light of Reason and Experience Necessarily Requires the Court to Consider the Nature of the Action, the Strong Public Policy in Favor of Exposing Wrongdoing by Public Officials, and the Substance of the Material to Be Withheld. ......... 16

       3.    The Attorney General Cannot Show That the Requested Materials Actually Trigger Any Privilege Concerns Because No Attorney-Client Relationship Exists. ......................................................................... 18

       4.    If an Attorney-Client Relationship Is Recognized Among Defendants and the Attorney General, the Court Should Hold That Defendants Waived the Privilege. ..................................................................... 22

D. The Protective Order Requested by the Arkansas Attorney General Asks This Court to Violate Core Principles of American Liberty. ....................................................24

E. Undersigned Counsel's Motive for Issuing FOIA Requests, While Irrelevant, is Not a "Sword" for Litigation Purposes..........................................................26

**CONCLUSION** ......................................................................................28

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Allen v. Zurich Ins. Co.*, 667 F.2d 1162 (4th Cir. 1982) ..................................................... 10

*Amtrust, Inc. v. Larson*, 388 F.3d 594 (8th Cir. 2004) ..................................................... 9

*Baouch v. Werner Enterprises, Inc.*, 908 F.3d 1107 (8th Cir. 2018) ................................. 9

*Barber v. Time for Peace, PLLC*, 2022 WL 1721041 (E.D. Ark. May 27, 2022) ............... 9

*Berry v. Saline Memorial Hosp.*, 322 Ark. 182, 907 S.W.2d 736 (1995) ......................... 14

*Bracewell v. U.S. Bank Nat'l Ass'n*, 748 F.3d 793 (8th Cir. 2014) ................................... 10

*Browne v. P.A.M. Transp., Inc.*, 2019 WL 7373362 (W.D. Ark. Dec. 31, 2019) .............. 10

*Cave v. Thurston*, 2022 WL 4599408 (E.D. Ark. Sept. 30, 2022) ................................... 18

*City of Fayetteville v. Edmark*, 304 Ark. 179, 801 S.W.2d 275 (1990) ................. 6, 14, 22

*Fatemi v. Long*, 2013 WL 12291015 (E.D. Ark. June 19, 2013) ....................................... 17

*Fatemi v. White*, 2014 WL 12754937 (E.D. Ark. Mar. 27, 2014) .......................... 14, 16, 18

*Hansen v. Allen Memorial Hosp.*, 141 F.R.D. 115 (S.D. Iowa 1992) ............................... 15

*Henry L. Firm v. Cuker Interactive, LLC*, 950 F.3d 528 (8th Cir. 2020) ........................ 10

*Hollins v. Powell*, 773 F.2d 191 (8th Cir. 1985) ................................................................ 22

*Holmes v. Henry*, 2011 WL 5075012 (E.D. Ark. Oct. 26, 2011) ................................... 4, 14

*In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910 (8th Cir. 1997) ........................ 17

*Isham v. Booneville Community Hosp.*, 2014 WL 11514532 (W.D. Ark. Dec. 1, 2014) ..... 3

*Jacksonville North Pulaski School District v. D.M.*, 2020 WL 7391386 (E.D. Ark. Dec. 16, 2020) ........................................................................................................................ 16

*Jupiter Painting Contracting Co. v. United States*, 87 F.R.D. 593 (E.D. Pa. 1980) ........ 17

*Laman v. McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968) .................................................. 8

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) ........ 12

*Motal v. City of Little Rock*, 2020 Ark. App. 308, 603 S.W.3d 557 ................................... 9

*New Hampshire v. Maine*, 532 U.S. 742 (2001) ................................................................. 9

*Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619 (1986) ....... 13

*Orsini v. State*, 340 Ark. 665, 13 S.W.3d 167 (2000) ........................................................ 6

*Planned Parenthood Arkansas & E. Oklahoma v. Jegley*, 2016 WL 7487914 (E.D. Ark. Feb. 1, 2016) ................................................................................................................. 4

*Rochell v. Ross*, 2021 WL 7907346 (W.D. Ark. Feb. 25, 2021) ...................................6, 15

*Scott v. Smith*, 292 Ark. 174, 728 S.W.2d 515 (1987) ...................................................... 6

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ........................................................ 25

*Stanley v. Tyson Foods, Inc.*, 2008 WL 11463459 (E.D. Ark. Sept. 15, 2008) ............... 16

*Stanton v. Cash Advance Centers, Inc.*, 59 F.4th 932 (8th Cir. 2023) ............................ 22

*Total Petroleum, Inc. v. Davis*, 822 F.2d 734 (8th Cir. 1987) ......................................... 10

*Williamson v. Missouri Dep't of Corr.*, 740 F. App'x 513 (8th Cir. 2018) ........................ 2

*Younger v. Harris*, 401 U.S. 37 (1971) .......................................................................12, 13

**Statutes**

ARK. CODE ANN. § 25–16–702 ....................................................................................... 23

ARK. CODE ANN. § 25–16–703 ....................................................................................... 23

ARK. CODE ANN. § 25–16–706 ............................................................................. 9, 13, 23

ARK. CODE ANN. § 25–19–102 ......................................................................................... 7

ARK. CODE ANN. § 25–19–103 ......................................................................................... 8

ARK. CODE ANN. § 25–19–105 ...................................................................................... 7, 9

ARK. CODE ANN. § 25–19–107 ....................................................................................... 13

**Rules**

E.D. ARK. LOCAL R. 7.2 .................................................................................................... 5

FED R. EVID. 501 ....................................................................................................... 15, 18

**Other Authorities**

Ark. Op. Att'y Gen. No. 2002-250 (Oct. 11, 2002) ......................................................... 9

Ark. Op. Att'y Gen. No. 2023-050 (June 20, 2023) ......................................................... 8

Ark. Op. Att'y Gen. No. 97-130 (June 20, 1997) ........................................................... 10

Arkansas Freedom of Information Handbook (20th ed. 2020)...................................... 10

## INTRODUCTION

The Arkansas Freedom of Information Act (FOIA) is a shield, not a sword. The FOIA shields taxpayer dollars from misspending. It shields millions Arkansans from bad government actors. And at its core, the FOIA shields participative democracy.

Today, the FOIA shields this Court from needlessly drifting into a thorny constitutional thicket—one in which the Attorney General of Arkansas asks this Court to do what the Arkansas General Assembly has consistently refused fifty-six years since the FOIA was enacted: to create an attorney-client privilege under a law that decidedly rejects the one. It is truly remarkable that the Attorney General of Arkansas—the self-proclaimed "people's lawyer" and the State constitutional officer responsible for issuing neutral opinions regarding the application of the FOIA—seeks to restrain undersigned counsel and every other Arkansas citizen from petitioning the government and engaging in activities squarely protected by the First Amendment. Why?

This Court cannot know the answer because the Attorney General refused to supply any basis for his motion, and much less good cause. Nor have Defendants explained what harm they might suffer absent the entry of a protective order. It is not even clear whether the Attorney General has standing to seek a protective order on behalf of undisclosed, unnamed custodians of public records, or whether the Attorney General even represents most of the Defendants in this action.

What is painfully clear, however, is that the Attorney General seeks to manipulate the judicial machinery in an odious effort to turn his back on over 3 million Arkansans. The Court, in the light of reason, experience, and the following arguments, should reject that effort and deny Defendants' Motion for Protective Order.

<u>**LOCAL RULE 7.2 STATEMENT**</u>

The Court should deny Defendants' Motion because—in violation of Rule 37(a)(1) of the Federal Rules of Procedure and Local Rule 7.2(g)—the Attorney General failed to make the requisite good-faith attempt to resolve his discovery[1]-related concerns before filing the Motion for Protective Order. FED. R. CIV. P. 37(a)(1); E.D. ARK. LOCAL RULE 7.2(g); *Williamson v. Missouri Dep't of Corr.*, 740 F. App'x 513, 514 (8th Cir. 2018) (citing FED. R. CIV. P. 37(a)(1)). Rule 37(a)(1) requires all motions to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Local Rule 7.2(g) underscores these requirements and similarly provides, in mandatory terms, that:

> [a]ll motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders <u>shall</u> contain a statement by the moving party that the parties have <u>conferred in good faith on the specific issue or issues in dispute and</u> <u>that they are not able to resolve their disagreements without the</u> <u>intervention of the Court</u>. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

E.D. ARK. LOCAL R. 7.2(g) (emphasis added). The requirement to engage in thoughtful, specific discourse regarding disputed discovery issues "exists to ensure that the Court's valuable time and resources are not squandered on the minutia of discovery disputes that

---

[1] While there is no doubt or dispute about this Court's broad, inherent authority to control its docket and fashion appropriate remedies, Plaintiffs reject the notion that a public records request—governed by a comprehensive and sweeping set of state statutory definitions, timelines, procedures, exemptions, scopes, remedies, and criminal penalties—constitutes "discovery" under the Federal Rules of Civil Procedure.

can, and should if at all possible, be resolved by the parties themselves." *Isham v. Booneville Community Hospital*, 2014 WL 11514532, at *1 (W.D. Ark. Dec. 1, 2014).

Defendants did not confer in good faith. Defendants' counsel sent one email on October 12, 2023 requesting that "Plaintiffs withdraw the requests." **Exhibit 1**, *October 12, 2018 Correspondence Exchanged Between J. Broyles and A. Mehdizadegan*. The Attorney General's deputy invited a meet-and-confer on the issue but also advised that the Court's assistance would be requested "if there is no willingness to discuss or withdraw the request[.]" *Id.* Undersigned counsel declined the Attorney General's invitation to withdraw the FOIA requests but still invited a good faith conference, leaving open the possibility that undersigned counsel could be mistaken about the law and facts. *Id.* The Attorney General thought "further discussion would be [un]productive." *Id.*

While the core legal issues may be disputed—they are, vigorously—there are pragmatic issues that the Parties should have discussed. For instance, how would a FOIA request be withdrawn after it was already fulfilled without objection? Which outstanding FOIA requests are the subject of Defendants' Motion? Which Defendants objected to the production of this information? What is the scope of the requested protective order, and does it constitute a prior restraint? What compromise could be reached?

These questions remain unanswered because the Attorney General—in a desperate attempt to avoid public scrutiny—rushed to request a protective order without ever engaging in a meaningful exchange with undersigned counsel.

The bench and bar would benefit from the Court's assessment of whether the Attorney General's single email satisfied Local Rule 7.2's explicit requirements.

**LEGAL STANDARD**

Desperation at the prospect of disclosing public records for public consumption about the public's business is an insufficient basis upon which to enter a protective order. Instead, "[t]he party or person seeking a protective order bears the burden of making the 'good cause' showing that the information being sought falls within the scope of Rule 26(c) **and** that the party will be harmed by its disclosure." *Planned Parenthood Arkansas & E. Oklahoma v. Jegley*, 2016 WL 7487914, at *1 (E.D. Ark. Feb. 1, 2016) (citations omitted). Defendants fail both requirements under Rule 26(c).

The courts have imposed a balancing test in determining whether good cause has been shown. *Id*. "Good cause exists, according to Rule 26(c), when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense." *Id*. (internal citations and quotations omitted). The party requesting a protective order must "make a specific demonstration of facts" in support of the request, as opposed to conclusory or speculative statements about the need for a protective order, and the harm which will be suffered without one. *Id*. "This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." *Id*. (internal citations and quotations omitted).

Defendants fall far short of their burden because mere "conclusory allegations" are not enough to satisfy Rule 26(c)'s requirements. *Holmes v. Henry*, 2011 WL 5075012, at *3 (E.D. Ark. Oct. 26, 2011). Defendants only allege that "[t]he information requested under FOIA is protected by federal common law privileges" and that ordering "disclosure would seriously injury [sic] [Defendants] by unveiling their defense, including counsels' assessment of strengths and weaknesses, both legal and factual, on both sides of the case." *Dkt. 75*, at 6–7 (internal citations and quotations omitted). These conclusory statements

4

are insufficient to prevent over 3 million Arkansans from accessing important records about the internal functions of the State, and with the context provided throughout this Opposition, the Court should seriously consider whether Rule 11(c)(3)'s show-cause provisions should be activated. Defendants have had virtually no contact with their lawyers at the Attorney General's office, and their counsels' suggestions to the contrary without appropriate factual or legal context invite this Court to commit a grave miscarriage of justice.

This Opposition explains why Defendants' Motion should be denied.

## ARGUMENT

The Arkansas General Assembly passed the FOIA because it understands that "[i]t is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy." ARK. CODE ANN. § 25–19–102. "Toward this end, [the FOIA] . . . mak[es] it possible for [citizens] or their representatives to learn and to report fully the activities of their public officials." *Id.*

Under the FOIA, "any citizen of the State of Arkansas" may seek access to disclosure of public records, except those specifically exempted. ARK. CODE ANN. § 25–19–105(a). "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency or improvement district that is wholly or partially supported by public funds or expending public funds. ARK. CODE ANN.

§ 25–19–103(7)(A). "All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." *Id.*

According to the Arkansas Attorney General,

> A document <u>must</u> be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an <u>entity subject to the act</u>. Second, the requested <u>document must constitute a public record</u>. Third, <u>no exceptions allow the document to be withheld</u>.

Ark. Op. Att'y Gen. No. 2023-050 (June 20, 2023) (emphasis added). A custodian of records (*e.g.*, the person with administrative control of the document) claiming an exemption under the FOIA must carry the burden of establishing that the exemption applies and justifying the nondisclosure of information. *See, e.g.*, *Orsini v. State*, 340 Ark. 665, 13 S.W.3d 167 (2000). Only a custodian has standing to object to a FOIA request. *Rochell v. Ross*, 2021 WL 7907346, at *2 (W.D. Ark. Feb. 25, 2021) (it is "unlikely that [the subject of the requests] has standing to object to any alleged burden or 'harassment' faced by the [custodian] in responding to these requests").

As the Arkansas Supreme Court observed, "[t]he FOIA is a public policy decision by the legislature that balances the right of the public to information against competing interests. It is up to the legislature to fashion additional exemptions to cover the attorney-client privilege or attorney work product." *City of Fayetteville v. Edmark*, 304 Ark. 179, 194, 801 S.W.2d 275, 283 (1990). The decision whether to create an FOIA exemption for the attorney-client privilege is a "[p]olicy decision . . . peculiarly within the province of the legislative branch of the government." *Scott v. Smith*, 292 Ark. 174, 176, 728 S.W.2d 515, 516 (1987).

The Attorney General serves a unique function in Arkansas FOIA proceedings. In addition to providing written opinions to state officials and agencies regarding the application of Arkansas law, *see* Ark. Code Ann. § 25–16–706, the Attorney General has a specific referee role in administrative FOIA disputes. Specifically, if a requestor seeks personnel or evaluation records, the requestor, custodian, or subject of the records can seek an opinion from the Attorney General's office within 3 working days from the receipt of the request "stating whether [the custodian's] decision is consistent" with the FOIA. Ark. Code Ann. § 25–19–105(c)(3)(B)(i).

Although attorney general opinions are not binding, the General Assembly has specifically said that attorney general opinions *should be used for guidance* in the FOIA context. *See Motal v. City of Little Rock*, 2020 Ark. App. 308, at 16, 603 S.W.3d 557, 567; *see also* Act of Feb. 16, 1987, No. 49, 1987 Ark. Acts 113 ("*that guidance from the Attorney General* and additional enforcement mechanisms . . . are necessary to implement the provisions of this Act regarding such records") (emphasis added). What is the Attorney General's guidance on issues relating to the FOIA and attorney-client privilege?

The Attorney General's opinions are consistent and exceptionally clear:

- ". . . [T]here is no exemption for the Commission under the [FOIA] for attorney work product or for records that would be covered by the attorney-client privilege." Ark. Op. Att'y Gen. No. 2002-250 (Oct. 11, 2002).

- "This office has opined that meetings with legal counsel, even for the purpose of discussing ongoing or pending litigation, are not exempted from the public meeting requirements of the FOIA." Ark. Op. Att'y Gen. No. 97-130 (June 20, 1997) (citing Ark. Op. Att'y Gen. Nos. 87-420 and 95-360).

- "As the chief legal officer for the State of Arkansas, I have an immense appreciation for the [FOIA] of 1967. The intent of the FOIA is to ensure an open government by elevating transparency so that citizens may be fully informed of the workings of their government and the actions of their public officials. It is in that spirit that the Arkansas Freedom of Information Handbook—now in its 20th edition—is designed to give all Arkansans, government officials, and journalists a guide for

complying with the law. Details on additional training resources hosted by my office and more FOIA information can be found at ArkansasAG.gov." Arkansas Freedom of Information Handbook 2 (20th ed. 2020) (co-sponsored by the Attorney General's office), *available at* https://arkansasag.gov/wp-content/uploads/2022-FOIA-Handbook-20th-Edition.pdf (last accessed Oct. 17, 2023) (FOIA Handbook).

- "The FOIA should be broadly construed in favor of disclosure: under the rules of evidence now in effect, there is no exception for the attorney-client privilege concerning state-agency records in the possession of its attorney, and such records are subject to public disclosure." *FOIA Handbook*, at 23 (citing *Scott*, 292 Ark. 174, 728 S.W.2d 515).

The Attorney General's statements are persuasive and consistent with longstanding Arkansas jurisprudence regarding attorney-client privilege and the FOIA. In fact, in one of the first appellate decisions interpreting the FOIA, the Arkansas Supreme Court observed that "statutes enacted for the public benefit are to be interpreted most favorably to the public" and in doing so concluded that the Arkansas FOIA was passed "wholly in the public interest and is to be liberally interpreted to the end of its praiseworthy purposes may be achieved." *Laman v. McCord*, 245 Ark. 401, 405, 432 S.W.2d 753, 755 (1968) ("The language of the act is so clear, so positive, that there is hardly any need for interpretation.").

Against this backdrop, the only question this Court might actually need to resolve is whether the Attorney General should be estopped from taking positions in this lawsuit that expressly conflict with the formal, statutory opinions issued pursuant to Arkansas's administrative FOIA machinery. All equitable principles involved here answer this question with a resounding "yes."

## A. The Attorney General Should Be Estopped from Taking Inconsistent Positions.

The Court should exercise its broad equitable power to estop the Attorney General from taking inconsistent positions. The doctrines of judicial estoppel, quasi-judicial

estoppel, equitable estoppel, and inconsistent positions (or binding admissions) are all relevant and potentially applicable, either expressly or by analytical extension.

Judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a position taken by that party in a previous matter. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). "The circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *Id.* at 750. Three non-exclusive factors inform the Court's decision about whether judicial estoppel applies: (1) whether the party's later position is clearly inconsistent with its prior position; (2) whether the party successfully persuaded the first court to accept the party's prior position; and (3) whether the party seeking to assert an inconsistent position would gain an unfair advantage if not estopped. *Barber v. Time for Peace, PLLC*, 2022 WL 1721041, at *1 (E.D. Ark. May 27, 2022).

Where these elements are not satisfied—and to be clear, there is no prior FOIA lawsuit applicable here—quasi-estoppel should apply to prevent the Attorney General from asserting a position in this case that stands in stark opposition to other published, authoritative guidance involving attorney-client privilege. *Baouch v. Werner Enterprises, Inc.*, 908 F.3d 1107, 1113 (8th Cir. 2018) (citing *Amtrust, Inc. v. Larson*, 388 F.3d 594, 601 (8th Cir. 2004) ("'Quasi-estoppel' has been invoked by various courts to estop parties from asserting a position in judicial proceedings different than what was reported on their income tax returns."). And equitable estoppel prevents a party from denying a state of facts that he has previously asserted to be true if the party to whom the representation was made has acted in reliance on the representation and will be prejudiced by its repudiation. *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 737 (8th Cir. 1987) (citations

omitted). Inconsistent positions and binding admissions are similar concepts that invoke the Court's equitable powers.

Whatever title applies to the concept, those equitable principles apply to prevent the "improper use of judicial machinery." *Browne v. P.A.M. Transp., Inc.*, 2019 WL 7373362, at *1–2 (W.D. Ark. Dec. 31, 2019); *see Henry L. Firm v. Cuker Interactive, LLC*, 950 F.3d 528, 534 (8th Cir. 2020) ("Although the district court used the term judicial estoppel, it is plain that its reasoning and the record supports equitable estoppel."); *Bracewell v. U.S. Bank Nat'l Ass'n*, 748 F.3d 793, 796 (8th Cir. 2014) ("looking beyond the label" of equitable estoppel and analyzing promissory estoppel because the complaint alleged that theory "in substance"); *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1168 n.5 (4th Cir. 1982) (considering judicial estoppel, even if it was never raised). Courts invoke estoppel principles "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Browne*, 2019 WL 7373362, at *2.

The Attorney General is changing positions according to the exigencies of the moment and must be estopped from continuing to advance inconsistent and incompatible positions. The Attorney General stands in a unique position in this litigation—both as advocate and as Defendant. Under Arkansas law, the Attorney General is obligated to provide opinions to "the Governor and to the heads of the executive departments of this state upon any constitutional or other legal question that may concern the official action of those officers" and "the prosecuting attorney of any district upon any legal question that concerns the financial interests of the state or any county and upon any question connected with the administration of the criminal laws of the state[,]" among others. ARK. CODE ANN. § 25–16–706(a).

10

As a unique government agency that has already definitively opined on the application of the FOIA to the principles of attorney-client privileged, the Attorney General should be estopped from taking inconsistent positions beyond their published, statutorily authorized scope.

## B.    The Court Should Abstain from Considering Defendants' Motion Because They Can Obtain the Relief They Seek from an Arkansas Court.

Another reason the Court should deny the Motion for Protective Order is because a state remedy exists for each custodian to obtain judicial review of a decision to withhold responsive records.

Under Ark. Code Ann. § 25–19–107(a), "[a]ny citizen" denied rights granted under the FOIA may appeal "to the Pulaski County Circuit Court or to the circuit court of the residence of an aggrieved party, if an agency of the state is involved." When a FOIA challenge is initiated, "it shall be mandatory upon the circuit court having jurisdiction to fix and assess a day the petition is to be heard within seven (7) days of the date of the application of the petitioner, and to hear and determine the case." ARK. CODE ANN. § 25–19–107(b). "Those who refuse to comply with the orders of the court shall be found guilty of contempt of court." *Id*. at § 25–19–107(c). And attorney fees are available to the plaintiff in FOIA actions.

If granted, Defendants' Motion would deprive every Arkansan of an opportunity to have an Arkansas court—one bound by Arkansas law—to resolve a FOIA contest. Every Arkansan would be denied the right to resolve the FOIA matter within seven days. And each of us would be precluded from obtaining an award of attorney fees. For instance, a concerned citizen may read this Opposition and submit an identical request to any one of the custodians at issue. Those custodians—instead of completing the third-party analysis

required when any FOIA request is received—would simply point to Defendants'
proposed order as a justification for withholding. The concerned citizen's right to
challenge that decision in her own State courts would be eviscerated if Defendants
succeed. And even if a State court were to entertain a challenge under those facts, an
unnecessary conflict between state and federal courts would arise. Federalism's
penumbral limiting principles, from *Younger v. Harris* to the *Rooker-Feldman* doctrine,
militate against this outcome.

"Since the beginning of this country's history Congress has, subject to few
exceptions, manifested a desire to permit state courts to try state cases free from
interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). The concept of
federalism represents "a system in which there is sensitivity to the legitimate interests of
both State and National Governments, and in which the National Government, anxious
though it may be to vindicate and protect federal rights and federal interests, always
endeavors to do so in ways that will not unduly interfere with the legitimate activities of
the States." *Id.* at 44.

While not expressly a *Younger* issue or necessarily a *Rooker-Feldman* concern, the
FOIA request process here is effectively a state proceeding that implicates important state
interests where the custodians have an adequate opportunity to raise relevant federal
questions in the state proceeding. *See, e.g., Middlesex County Ethics Comm. v. Garden
State Bar Ass'n,* 457 U.S. 423, 432 (1982) (applying *Younger* abstention to abstain from
interfering in attorney disciplinary proceedings).

The Supreme Court also has found *Younger* applicable to pending state
administrative proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools,
Inc.,* 477 U.S. 619 (1986). The FOIA is effectively an administrative proceeding.

Requestors and custodians each have an opportunity to seek judicial review in Arkansas circuit court, provided that certain timelines are satisfied, and their failure to avail themselves to the FOIA's protections means they have a separate remedy. It is a basic doctrine of equity jurisprudence "that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44.

Plaintiffs do not believe the Court needs to find that *Younger* abstention applies mechanically to Arkansas's FOIA laws. Instead, these concepts should inform the Court's careful balance of the competing state and federal interests involved.

## C.   Applying the Federal Common Law of Attorney-Client Privilege and Attorney Work Product in Light of the Court's Reason and Experience Requires the Denial of Defendants' Motion.

Rule 501 of the Federal Rules of Evidence empowers this Court to interpret the common law of attorney-client privilege "in light of reason and experience." FED. R. EVID. 501. There is no dispute about this Court's power to issue protective orders in cases involving federal questions where the federal common law of attorney-client privilege applies. But the Court need not apply the common law to the exclusion of the FOIA in this case because no actual attorney-client or work product issues are legitimately implicated, and if there is such a relationship, the Attorney General's clients waived their privilege.

Reason, experience, and a mountain of record evidence—each addressed below— explain why the Court should deny Defendants' Motion. Arkansas FOIA, *as a matter of federal common law*, presumptively waives *client* privilege.

1.     **The FOIA and the Federal Common Law of Privilege Comfortably Coexist in the Context of This Lawsuit.**

Plaintiffs acknowledge that "[t]his federal Court . . . is not bound by this Arkansas precedent in applying the Federal Rules of Evidence or in interpreting the federal common law of privilege and work product." *Fatemi v. White*, 2014 WL 12754937, at *2 (E.D. Ark. Mar. 27, 2014) (*Fatemi II*). But as Judge D.P. Marshall observed in *Fatemi*—a case where no actual party to the litigation opposed the entry of a protective order—this Court must still "remain[] mindful of its obligation to read the Act broadly, so the public's business is done in public." *Id.* at *2. And while Rule 26(b)(3) of the Federal Rules of Civil Procedure, and Rule 502 of the Federal Rule of Evidence address issues of waiver, "State law, of course, informs the federal common law on both issues" of privilege and work product. *Id.* (citations omitted). Judge Susan Weber Wright made a similar observation in *Holmes v. Henry*:  "freedom of information laws and discovery rules operate independently, and Plaintiff[s'] rights under the Arkansas Freedom of Information Act are not affected by [their] status as [] litigant[s] in this case or by the entry of a protective order under Rule 26(c)." 2011 WL 5075012, at *3 (E.D. Ark. Oct. 26, 2011) (cleaned up) (citing *City of Fayetteville v. Edmark*, 304 Ark. 179, 191–92, 801 S.W.2d 275, 281–82 (1990) ("The documents examined in camera in this case, however, would not be appropriate for a protective order. These documents are precisely the type envisioned by the FOIA to be produced to the public."); *Berry v. Saline Memorial Hosp.*, 322 Ark. 182, 185, 907 S.W.2d 736, 738 (1995) ("The FOIA at times provides greater disclosure than do the discovery procedures afforded by the Arkansas Rules of Civil Procedure.")). "The Arkansas FOIA clearly permits a citizen to compel disclosure of public records from state and local entities regardless of the citizen's status as a litigant." *Rochell*, 2021 WL

7907346, at *2. Indeed, "there is nothing in the Federal Rules of Civil Procedure that prohibit [even] new counsel issuing FOIA requests to the City" during active litigation. *Id.*

Plaintiffs in no way seek to diminish the important concerns of federal supremacy in resolving issues of privilege, but "[j]ust because this court . . . is not required to apply the state law of privilege, however, does not mean that federal courts should not consider the law of the state in which the case arises in determining whether a privilege should be recognized as *a matter of federal law*." *Hansen v. Allen Memorial Hospital*, 141 F.R.D. 115, 121 (S.D. Iowa 1992) (emphasis added) (citations omitted). This is true because "[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Id.* (citations omitted). Thus, when a "state holds out the expectation of protection to its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule." *Id.*

The Attorney General of Arkansas advocates for "a mechanical and unnecessary application of the federal rule" in a uniquely dangerous and silly manner. The Attorney General's motion is dangerous because it constitutes a prior restraint on speech; and it is silly because the requests are almost completely satisfied, and nothing contained in the documents produced show anything more than the Attorney General's failure to communicate with his clients and to obtain their permission to file documents.

In light of this Court's reason and experience, the Motion for Protective Order should be denied because the interests of the government in keeping public records secret is substantially outweighed by the context-specific facts of this case and robust federal policy in support of an honest government.

**2.    Interpreting the Common Law in Light of Reason and Experience Necessarily Requires the Court to Consider the Nature of the Action, the Strong Public Policy in Favor of Exposing Wrongdoing by Public Officials, and the Substance of the Material to Be Withheld.**

Unless a claim of privilege exists under the Constitution, a federal statute, or a rule prescribed by the Supreme Court, or where state law supplies the rule of decision in a civil case, "[t]he common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege[.]" FED R. EVID. 501. Federal common law recognizes the following privileges: attorney-client communications, psychotherapist-patient, qualified executive, and confidential marital communications. *Stanley v. Tyson Foods, Inc.*, 2008 WL 11463459, at *3 (E.D. Ark. Sept. 15, 2008) (collecting cases). These privileges are not absolute in the government attorney context, and the Court does not write on a blank slate. *See U.S. v. Johnson*, 378 F. Supp.2d 1041, 1047 (N.D. Iowa, 2005).

To balance "all material considerations" involving a FOIA request made during ongoing federal litigation, "[t]he nature of the lawsuit is important." *Fatemi II,* 2014 WL 12754937, at *1. The same types of concerns for attorney-client privilege that may exist in cases involving students with disabilities, like in this Court's order in *Jacksonville North Pulaski School District v. D.M.*, 2020 WL 7391386 (E.D. Ark. Dec. 16, 2020), are simply not present here. So too in *Fatemi*, a case involving discrimination alleged by a former neurosurgery resident. *Fatemi v. Long*, 2013 WL 12291015 (E.D. Ark. June 19, 2013) (*Fatemi I*). There, Judge Marshall considered whether a *temporary* protective order was appropriate to prevent a FOIA request from distracting counsel during a busy period in the litigation. *Id.* at *1. "The motion for protective order seems to be as much about the timing of the voluminous response as it is about the attorney-client privilege and work-

product issue." *Id.* The exigencies of timing, coupled with the complexity of reviewing medical records, do not exist in this case as they did in *Fatemi I*.

The interests protected by the attorney-client privilege are also diminished where, as here, the prospect of civil or criminal liability of any kind does not exist in the underlying suit. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 920 (8th Cir. 1997) (noting that "the actions of White House personnel, whatever their capacity, cannot expose the White House as an entity to criminal liability"). The careful balance of competing interests also weighs "any likely effect . . . on the ability of a government lawyer to advise an official who is contemplating a future course of conduct." *Id.* at 921. "If the attorney explains the law accurately and the official follows that advice, no harm can come from later disclosure of the advice[.]" *Id.* "[T]he strong public interest in honest government and in exposing wrongdoing by public officials would be ill-served by recognition of a governmental attorney-client privilege applicable in *criminal* proceedings inquiring into the actions of public officials." *Id.* (citing *Jupiter Painting Contracting Co. v. United States*, 87 F.R.D. 593, 598 (E.D. Pa. 1980) (recognizing the "pernicious potential" of a governmental attorney-client privilege "in a government top-heavy with lawyers")). And as the Eighth Circuit observed, the common law attorney client privilege for government entities is also limited because:

> . . . the <u>general duty of public service calls upon government employees and agencies to favor disclosure</u> over concealment. The difference between the public interest and the private interest is perhaps, by itself, reason enough to find *Upjohn* unpersuasive in this case. The importance of the public interest in questions of disclosure versus privilege is not unique to this case, for it was a key reason the Supreme Court rejected the concept of work product immunity for accountants[.]

*Id.* at 920 (emphasis added).

Finally, as Judge Marshall observed, "[w]hat the . . . Defendants have held back, and seek to protect, is also important" in assessing whether a protective order is inappropriate. *Fatemi II*, 2014 WL 12754937, at *1. Equally important is what the Defendants have already produced. *Id*. at *2 (noting that "communications between UAMS and its lawyers were disclosed in discovery" and observing, "[p]erhaps this was a waiver").

Defendants do not address these issues. Without any degree of substantive content in their Motion, Defendants have done nothing but waste this Court's time, and the Motion should be denied accordingly.

### 3. The Attorney General Cannot Show That the Requested Materials Actually Trigger Any Privilege Concerns Because No Attorney-Client Relationship Exists.

As the Attorney General argued, "[t]he party invoking the privilege must show that the statements at issue were made for the purpose of facilitating the rendering of legal services to the client." *Dkt. 75*, at 6 (citations omitted). Defendants made no effort to satisfy this showing.

"For the attorney-client privilege to be applicable, the parties to the communication in question must bear the relationship of attorney and client." *Cave v. Thurston*, 2022 WL 4599408, at *24 (E.D. Ark. Sept. 30, 2022). "Moreover, the attorney must have been engaged or consulted by the client for the purpose of obtaining legal services or advice services or advice that a lawyer may perform or give in his capacity as a lawyer, not in some other capacity." *Id*. "A communication is not privileged simply because it is made by or to a person who happens to be a lawyer." *Id*.

Here, the Attorney General cannot satisfy his burden to establish that the statements at issue were made in furtherance of the attorney-client relationship because

there is no indicia that such a relationship even exists between the Attorney General and the custodians to whom undersigned counsel's FOIA requests were submitted.

| Ex. | Custodian | Response |
|-----|-----------|----------|
| 2 | Rebecca McCoy | Neither I nor anyone in my office has communicated or corresponded with the Attorney General's office in the specified litigation.  If you have any questions, feel free to contact me. |
| 3 | Jana Bradford | This is in response to your FOIA request.  There have been no communications, correspondence, emails, documents, or any other public records exchanged between my office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present, regarding *Bio Gen, LLC v. Sanders et al.* |
| 4 | Chuck Graham | I received your FOIA request and haven't found any records that would apply.  I will be out of the office the rest of this week for a conference, but will have our Office Manager doublecheck on Monday. |
| 5 | Tony Rogers | There has been no such communication or correspondence between my office and the AG's office. |
| 6 | Kyle Hunter | In response to your FOIA request today, I have not had any correspondence with the AG's office. |
| 7 | David Ethredge | This office does not have any such documentation as it relates to Bio Gen, LLC v. Sanders et al. |
| 8 | Devon Holder | I have no such records in my possession. |
| 9 | Matthew Durrett | I have not corresponded with the attorney general's office regarding this case. |
| 10 | Frank Spain | As I understand your request, you are seeking communications between the Attorney General's office and my office regarding *Bio Gen, LLC v. Sanders et al.* I have not had any direct contact with anyone from the AG's office regarding this case during the time frame specified. |
| 11 | Sonia Fonticiella | I have not had any direct communication about this case with the AG's office. |
| 12 | Nathan Smith | I do not possess any records responsive to your request.  Thank you for your letter. |
| 13 | Jeff Rogers | Neither I nor my office (13th Judicial District PA Office) possess any records, communications, correspondence, emails or documents whereby my office has communicated with the attorney general, including on any decision to appeal in the referenced matter.<br><br>**Follow-up:** Additionally, any communications, if any such did exist - which is addressed in my prior response, would be protected by attorney-client privilege. |

| 14 | Daniel Shue | I wanted to acknowledge receipt of your email of October 10, 2023. I do not have any of the records that you have requested. Thank you for your kind attention to this matter. |
|---|---|---|
| 15 | Tom Tatum | There has been no correspondence between my office and the Arkansas Attorney General's office regarding Bio Gen, LLC v. Sanders et al. If you have any questions, please do not hesitate to contact my office. |
| 16 | Tim Blair | I have not received any communication directly from the Arkansas Attorney General's office. I have received information concerning this suit from PCO. I've attached that correspondence to this email. I did not include the attachments because they were documents filed in the suit. |
| 17 | Debra Buschman | In response to the FOIA request you made of my office this morning please find attached my communications with the AG's office since 9/1. [**Note:** No records regarding Bio Gen, LLC]. |
| 18 | Todd Murray | My office has no documents or other records responsive to your request. |
| 19 | Chris Walton | We have no documents responsive to the request. |
| 20 | Michelle Lawrence | I have no documents and/or correspondence that falls under your FOIA request dated October 10, 2023. |
| 21 | Michael Bynum | The Department [of Agriculture] has received your Freedom of Information Act request and it is currently in process. All further communications about this request can be routed to me. |
| 22 | Dan Turner | [Forwarding email from Bob McMahan] |
| 23 | Kevin Holmes | Our office has never had any specific communication with the Attorney General's Office regarding an appeal. |
| 24 | Jim Hudson (Scott Hardin) | Thank you for the FOIA request below. We are running searches for responsive documents. Hope to have the formal, complete response to you tomorrow. Let me know how I can help. |
| 25 | Jeff Phillips | Per your request<br>[Forwarding email from Bob McMahan] |
| 26 | Drew Smith | I apologize for the delay. (Bio Gen) I have searched my emails for that period and have found a couple emails that were forwarded to my office from the AG's office regarding that matter. Copies are attached. I also sent an email to PCO waiving service in that matter some time ago but that is outside of your requested timeframe. I believe this is everything I have received or sent regarding the Bio Gen matter. |
| 27 | Carol Crews | I've attached the documents in my possession that are responsive to your FOIA request received yesterday. |
| 28 | Ben Hale | [Forwarding email from Bob McMahan] |
| 29 | Teresa Howell | The only information I have seen or received regarding this case has been through forwarded emails from Prosecutor Coordinator Bob McMahan. I have not spoken with anyone from the Arkansas Attorney General's Office about this matter. |

| 30 | Connie Mitchell | Dear Sir/Madam, I have received your FOIA request regarding Bio Gen, LLC v. Sanders et al.  I have no documents subject to your request. |

No attorney-client relationship can exist between the custodians and Attorney General under these circumstances. Clients—not lawyers—own the privilege. Here, even though the Court ordered Defendants "to inform forthwith all the affected Arkansas state governmental entities of th[e] injunction[,]" *Dkt. 66*, at 18, the Attorney General had no direct contact with most of the Defendants in this action, and no authority to file an appeal on their behalf.

Nor is there any statutory basis that would operate to make the Attorney General the *de facto* lawyer for all Defendants in this action. By statute, the Attorney General is only empowered to serve as "the legal representative of all state officers, boards, and commissions in all litigation where the interests of the state are involved." ARK. CODE ANN. § 25–16–703. Prosecuting attorneys are not state officers, boards, or commissions, and Arkansas law criminalizes any effort to expand the scope of individuals entitled to the Attorney General's representation. ARK. CODE ANN. § 25–16–702(d) ("Any person violating the provisions of this section shall be subject to indictment and upon conviction fined in any sum not less than two hundred dollars ($200) nor more than two thousand dollars ($2,000) and, upon proper proceedings, removed from office."). Notably, the same statute that informs the scope of the Attorney General's power makes clear that prosecuting attorneys have separate, independent obligations that cannot be delegated to the Attorney General. ARK. CODE ANN. § 25–16–706(e).

Finally, this Court can, should, and must consider whether Defendants' filings in this action, including the Attorney General's notice of appeal, are a nullity. "No person has the right to appear as an entity's attorney without the entity's authority." *Stanton v.*

*Cash Advance Centers, Inc.*, 59 F.4th 932, 934 (8th Cir. 2023) (citations omitted). "An appeal taken by someone unauthorized to do so should be dismissed." *Id*. The record evidence presented to this Court establishes the absence of the Attorney General's authority to appeal the Court's preliminary injunction order on behalf of these Defendants. The Court should strike all submissions made by the Attorney General on behalf of all Defendants, or order the Attorney General to show-cause as to why sanctions are not warranted in this context.

### 4. If an Attorney-Client Relationship Is Recognized Among Defendants and the Attorney General, the Court Should Hold That Defendants Waived the Privilege.

If the Court finds that the Attorney General does have an attorney-client relationship with the custodian-Defendants, the Court should still deny the government a protective order because federal common law recognizes that "[a] client may waive the attorney-client privilege, and may do so either expressly or by implication." *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). The Court should hold that Defendants waived their attorney-client privilege and work product objections in at least three ways.

First, Arkansas impliedly waived attorney-client privilege and attorney work-product objections when it passed the FOIA. "The FOIA has not been amended to include exemptions for attorney-client privilege or for attorney work product. Such exemptions are policy decisions and are for the legislature to make." *Edmark*, 304 Ark. at 192, 801 S.W.2d at 282. "Policy decisions such as that are peculiarly within the province of the legislative branch of the government. In this instance that branch has spoken so unequivocally that its command cannot be misunderstood. Our duty is simply to give effect to its mandate." *Id*., 801 S.W.2d at 282 (citations and internal quotations omitted).

Arkansas's General Assembly should be deemed to have waived the attorney-client privilege when it enacted the FOIA.

Second, Defendants impliedly waived their potential objections by failing to invoke the State procedures that govern in a FOIA contest. Defendants did not seek an opinion from the Attorney General's opinions division, and they did not assert any such defense within twenty-four hours of receiving the FOIA requests at issue. By failing to invoke their administrative and Arkansas judicial remedies, Defendants waived their rights to challenge them now in this federal setting.

Third, at least twenty-nine government officials—most of them lawyers with special and unique duties to enforce the FOIA, including its criminal penalties—expressly waived attorney-client privilege and work product objections by responding to undersigned counsel's FOIA requests. *See Exhibits 2-29*. Taken together, the Court should hold that as a matter of federal common law, Defendants' waived any claim to attorney-client privilege.

Rule 502 of the Federal Rules of Evidence supports this reasoning. Rule 502(c) concerns disclosures of allegedly privileged materials in state proceedings, to wit: "When the disclosure is made in a state proceeding and is not the subject of a state-court order concerning waiver, the disclosure does not operate as a waiver in a federal proceeding if the disclosure: (1) would not be a waiver under this rule if it had been made in a federal proceeding; or (2) is not a waiver under the law of the state where the disclosure occurred." FED. R. EVID. 502(c). Notably, subsection (g) further cabins the privilege and protection of attorney-client communications and attorney work product by defining them subject "to applicable law." FED. R. EVID. 502(g).

No court presented with a FOIA protective order contest has ever fully analyzed or applied Rule 502. This Court should. The FOIA is a state proceeding, and the disclosure of attorney communications operates as a waiver under both federal and state law. Because Defendants waived their objections, the Motion for Protective Order should be denied.

**D.    The Protective Order Requested by the Arkansas Attorney General Asks This Court to Violate Core Principles of American Liberty.**

The Attorney General's Motion betrays the fundamental principles of representative democracy, and it betrays every Arkansan with an interest in honest government. The Motion seeks to obstruct communication between Arkansas citizens and their government. This, in turn, undermines the sovereign power vested in the people by the Arkansas Constitution to meaningful self-government and to hold their elected representatives accountable—to "petition, by address or remonstrance, the government, or any department thereof[.]" ARK. CONST. art. II, § 4. And by extension, Defendants ask this Court to deal violence to the First Amendment.

The bedrock of the First Amendment is to protect free discussion of government affairs and allow citizens to participate in and contribute to our system of self-government. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982). A policy of openness is critical to the "functioning of the . . . government as a whole." *Id.* at 606; *see also Garrison v. Louisiana*, 379 U.S. 64, 75 (1964) (noting speech pertaining to public affairs is "the essence of self-government"); *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964) ("[D]ebate on public issues should be uninhibited, robust, and wide-open[.]"). Consistent with this theory of governance, courts have recognized two complementary principles in speech jurisprudence.

First, the right to free speech ensures the "unfettered interchange of ideas" between private citizens and government officials. *Roth v. United States*, 354 U.S. 476, 484 (1957). Second, speech regarding matters of public concern "occupies the highest rung of the hierarchy of First Amendment values and is entitled to special protection." *Connick v. Meyers*, 461 U.S. 138, 145 (1983) (citation omitted); *see also First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 776 (1978) (holding speech pertaining to public affairs lies "at the heart of the First Amendment's protection").

While "Defendant[s] style[] [their] request for an order limiting disclosure a 'protective order,' . . . [they] acknowledge[] that the material . . . was not gained 'only by virtue of the trial court's discovery process.'" *Minneapolis Star & Trib. Co. v. U.S. Dep't of Interior*, 623 F. Supp. 577, 578 (D. Minn. 1985). Indeed, Rule 26(c) protective orders are limited to matters gained by virtue of the trial court's discovery process. Here, there was no discovery taken, and the Attorney General refused to even allow room for the possibility of expedited discovery. *See* **Exhibit 31**, *Correspondence Exchanged Between J. Broyles and A. Mehdizadegan.*

In this context, the Attorney General's requested protective order is a paradigmatic prior restraint. As the Supreme Court observed in *Seattle Times Co. v. Rhinehart*, "[a]ssuming then that a protective order may fall, ostensibly, at least, within the definition of a 'prior restraint of free expression', we are convinced that the *interest of the judiciary in the integrity of its discovery processes* is sufficient to meet the 'heavy burden' of justification." 467 U.S. 20, 28 (1984) (citations omitted) (emphasis added). As the Court explained, the discovery process in civil litigation is designed *"for the sole purpose* of assisting in the preparation and trial, or the settlement, of litigated disputes." *Id.* at 34 (emphasis added).

25

But *Seattle Times* was about discovery, not FOIA, and "the FOIA disclosure regime . . . is distinct from civil discovery." *Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009). "[W]hile information disclosed during discovery is limited to the parties and can be subject to protective orders against further disclosure, when a document must be disclosed under FOIA, it must be disclosed to the general public and the identity of the requester is irrelevant to whether disclosure is required." *Chiquita Brands Int'l Inc. v. S.E.C.*, 805 F.3d 289, 300 (D.C. Cir. 2015) (citations omitted). This distinction is meaningful. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 n. 23 (1978) (holding that a FOIA requestor's rights are neither "diminished" nor "enhanced" in light of a "particular, litigation-generated need for these materials").

The Attorney General asks this Court to impose a prior restraint on undersigned counsel, the Plaintiffs he represents, and every other Arkansan who believes in honest government. The Court should separately deny Defendants' Motion on this basis.

**E.      Undersigned Counsel's Motive for Issuing FOIA Requests, While Irrelevant, Is Not a "Sword" for Litigation Purposes.**

The underlying motives of a FOIA request are immaterial. *Arkansas Highway & Transportation Department v. Hope Brick Works. Inc.*, 294 Ark. 490, 744 S.W.2d 711 (1988) (rejecting state entity's contention that the plaintiff's request "abuse[d] the intent of the Freedom of Information Act" and affirmed the trial court's order directing disclosure); *Furman v. Holloway*, 312 Ark. 378, 849 S.W.2d 520 (1993) (rejecting argument that the plaintiff had to show a "particularized need" to inspect certain records where no statute or regulation required it). The Arkansas Attorney General has also opined that a citizen seeking records is not required to explain the reason for desiring them such that the citizen's purpose is irrelevant. *See* Ark. Op. Att'y Gen. No. 92-289; Ark.

Op. Att'y Gen. No. 90-335. Still, undersigned counsel believes this Court is entitled to some explanation.

Undersigned counsel has extensive experience litigating against the Attorney General. In *2600 Holdings, LLC v. Department of Finance and Administration*, 60CV-21-582 (Pulaski County Circuit Court), the Attorney General was forced to file a motion to withdraw from representing the Medical Marijuana Commission and the Alcoholic Beverage Control Division after conflicts of interest were discovered, in part, through FOIA requests. At a more elementary level, the *2600 Holdings* litigation established that the Attorney General ignored client directives, facilitated client execution of documents that were known to be false, and repeatedly took inconsistent positions before the State court. Undersigned counsel engaged in extensive research on this topic and expects to one day publish a law review article advocating for extreme reform in the management and oversight of the Arkansas Attorney General's office.

That interest supplies a substantial basis for the FOIA requests at issue here. Though the information uncovered through the FOIA is relevant to this lawsuit in that it casts doubt on the validity of the Attorney General's notice of appeal and by extension Defendants' sovereign immunity arguments (*see, e.g.,* **Exhibit 32**, *January 23, 2023 Correspondence from K. Eichler to Cabinet Secretaries*),[2] the FOIA requests were not sent for discovery purposes.

---

[2] Ms. Eichler's email establishes the extreme control Governor Sanders exerts over all aspects of her administration. For instance, all lawyers employed by Arkansas's departments, boards, and commissions are required to include the Governor's chief counsel "in all legal matters." Alexa Henning "should be contacted any time [a cabinet secretary is] presented with an [sic] FOIA request[.]"

The FOIA requests are an extension of undersigned counsel's deep interest in the proper functioning of our State government. The Attorney General is the managing partner of Arkansas's largest law firm. The lawyers at the Attorney General's office wield substantial government power and they should reflect the highest ideals of legal ethics. For purposes of this case, that should mean—at minimum—(a) talking to your clients, including the twenty-nine individuals who had no contact with the Attorney General; and (b) being honest with the Court about the need for a protective order. Over twenty-nine FOIA responses demonstrate that there is no genuine need for a protective order, and the Court's and Plaintiffs' valuable time and resources have been wasted on a hasty request for which no good cause exists to support it.

<u>CONCLUSION</u>

The Attorney General should be estopped from playing fast and loose with the facts and law. As a matter of fact, there is no legitimate privacy interest or concern in the records received from over two dozen custodians. As a matter of federal common law, Defendants waived the attorney-client privilege, or they had it waived for them by the Arkansas General Assembly. For any number of reasons explained above, the Court should proudly deny Defendants' Motion and rebuke the Attorney General's dangerous, anti-democratic attempt to curtail the First Amendment rights of every Arkansan. And because the Attorney General failed to meet and confer, the Court should award fees in Plaintiffs' favor.

Respectfully submitted,

Abtin Mehdizadegan (2013136)
Joseph C. Stepina (2020124)
Allison T. Scott (2020205)
HALL BOOTH SMITH, P.C.
200 River Market Avenue, Suite 500
Little Rock, Arkansas 72201
Telephone: (501) 214-3499
Facsimile: (501) 604-5566
abtinn@hallboothsmith.com
jstepina@hallboothsmith.com
allisonscott@hallboothsmith.com

- and -

Justin Swanson (admitted *pro hac vice*)
Paul Vink (admitted *pro hac vice*)
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5404
Facsimile: (317) 223-0404
jswanson@boselaw.com
pvink@boselaw.com

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Jordan Broyles <jordan.broyles@arkansasag.gov> |
| **Sent:** | Friday, October 13, 2023 8:34 AM |
| **To:** | Abtin Mehdizadegan; Joseph Stepina; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com; Lynsey Russell |
| **Cc:** | Christine Cryer; matt@pinnaclelawfirm.com |
| **Subject:** | RE: Bio Gen - FOIA Request |

Abtin,

Thank you for your response. Based on your position, I do not see how further discussion would be productive.

Best regards,

Jordan

**Jordan Broyles**
**Senior Assistant Attorney General**
**Special Litigation Section – Civil Division**
**Direct: (501) 682-9482 | Main: (501) 682-2007**
jordan.broyles@arkansasag.gov

**Office of Arkansas Attorney General Tim Griffin**
323 Center Street, Suite 200
Little Rock, Arkansas 72201
www.ArkansasAG.gov



**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Thursday, October 12, 2023 4:57 PM
**To:** Jordan Broyles <jordan.broyles@arkansasag.gov>; Joseph Stepina <JStepina@hallboothsmith.com>; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com; Lynsey Russell <LRussell@hallboothsmith.com>
**Cc:** Christine Cryer <christine.cryer@arkansasag.gov>; matt@pinnaclelawfirm.com
**Subject:** RE: Bio Gen - FOIA Request

**EXTERNAL EMAIL**

Jordan,

Thank you for your email. With the utmost respect, no, I will not withdraw my requests; and your email is surprising to say the least. However, I would welcome a good faith conference to discuss these issues.

EXHIBIT
1

First, I am surprised by your email because the Attorney General's office is responsible for issuing advisory opinions under the FOIA, and the Attorney General's only advisory opinions on the topic are clear:

> I am writing in response to your request for an opinion on the following question: Must the Arkansas Game and Fish Commission disclose for public inspection and copying, pursuant to the Arkansas Freedom of Information Act, correspondence, unpublished memoranda, and working papers pertaining to a pending lawsuit where, in the opinion of the Commission, such disclosure would unduly interfere with the ability of the Commission to perform its duties?

> You indicate that the documents in question are included in active legal files currently maintained by the Commission's General Counsel for the specific purpose of defending a quiet title lawsuit, and that they are not otherwise available through discovery in that action.

> **RESPONSE**

> It is my opinion that the answer to this question is in all likelihood "yes," because **there is no exemption for the Commission under the Arkansas Freedom of Information Act ("FOIA") for attorney work product or for records that would be covered by the attorney-client privilege**.

Ark. Op. Att'y Gen. No. 2002-250 (Oct. 11, 2002) (emphasis added). Your email is also surprising because the Arkansas General Assembly found it "vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy." Ark. Code Ann. § 25-19-102. That the Attorney General—the "people's lawyer"—would take a position that is specifically intended to prevent the public's business from being performed in an open and public manner is repugnant to the rule of law. And while I am familiar with Judge Wilson's order referenced in your email, I think the Attorney General will have a difficult hill to climb in overcoming the doctrines of judicial estoppel and inconsistent positions.

Second, the *Bio Gen* plaintiffs did not make FOIA requests, I did. As stated in my request, I am a citizen of Arkansas, and "any citizen of the State of Arkansas" is permitted to make a FOIA request. Ark. Code Ann. § 25-19-105(a)(1)(A). My request did not indicate a representative capacity and I am free to use those records for whatever purpose I deem fit—for instance, supplying them to FOIA experts like Matt Campbell (copied).

Third, most requests have already been satisfied. More than that, the custodian—not the Attorney General—is responsible for asserting an exemption to the FOIA. The statute is abundantly clear in this regard: "[a] citizen may make a request **to the custodian**[,]" Ark. Code Ann. § 25-19-105(a)(2)(A); "[a] **custodian** shall respond as follows in writing **within the time period required**[,]" *id.* at § 25-19-105(a)(3); "[i]f any responsive records that exist are subject to exemptions under this chapter

or other law, the **custodian shall respond and identify the applicable exemptions**[,]" *id.* at §
25-19-105(a)(3)(B); and "[t]he requirements of this subsection do not affect the **obligation of a
custodian to immediately provide** to the requestor any responsive records not in active use or
storage." *Id.* at § 25-19-105(a)(6).

To my knowledge, the Attorney General has no function under the FOIA other than to issue advisory
opinions if and when they are requested. No advisory opinion was requested by any custodian. If I am
incorrect as a matter of fact or law, please supply a basis for your position to the contrary. If the
Attorney General has law enforcement responsibilities towards the FOIA, then I believe I am duty-
bound to raise the uncomfortable question of whether the Attorney General has a concurrent conflict
of interest in its representation of Governor Sanders. I think you know why. But as it relates to my
FOIA requests, the Attorney General is not the "custodian." The custodians here asserted no
exemptions or objections prior to their production—one raised an exemption issue after the fact—and
none of them asserted an exemption within the statutory periods required by law.

Fourth, the records received from the custodians—mostly prosecuting attorneys who are responsible
for enforcing the FOIA's provisions, including its criminal penalties—voluntarily produced records
without ever seeking a protective order from Judge Wilson. In other words, they waived any assertion
of privilege. This made sense to me because, again, prosecutors are responsible for enforcing the
FOIA, and it would be odd for a prosecutor to intentionally violate the law by withholding responsive
records for which no valid statutory exemption exists.

Fifth, the custodians produced information that I believe establishes that the Attorney General's office
has once again taken inconsistent positions in its briefs relative to sovereign immunity and the
Attorney General and Governor's role in this lawsuit. In fact, the quiet irony in your email asking me
to withdraw my FOIA requests is that there were no responsive, relevant records because the Attorney
General failed to even ask the clients your office allegedly represents whether they even wanted to
appeal. This last issue implicates the entire propriety of the appeal, and it raises important questions
as to whether the Attorney General and its lawyers are obligated to promptly inform the client of any
decision or circumstance with respect to which the client's informed consent is required, reasonably
consult with the client about the means by which the client's objectives are to be accomplished,
and keep the client reasonably informed about the status of the matter.

While this email is not exhaustive of the reasons why I believe your withdrawal request is belated and
inappropriate, I hope I have sufficiently explained my position. I am more than happy to discuss this
issue further during a good faith call if you would like. Please let me know your availability for a call
tomorrow afternoon.

Best,

Abtin

**Abtin Mehdizadegan**

Attorney at Law | Hall Booth Smith, P.C.

**O:** 501.214.3499          200 River Market Avenue, Suite 500
**D:** 501.503.4445          Little Rock, AR 72201
                             hallboothsmith.com



CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Jordan Broyles <jordan.broyles@arkansasag.gov>
**Sent:** Thursday, October 12, 2023 2:18 PM
**To:** Abtin Mehdizadegan <abtin@hallboothsmith.com>; Joseph Stepina <JStepina@hallboothsmith.com>; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com; Lynsey Russell <LRussell@hallboothsmith.com>
**Cc:** Christine Cryer <christine.cryer@arkansasag.gov>
**Subject:** Bio Gen - FOIA Request

Counsel,

I have been notified that a FOIA request has been sent to each of the defendants in this case as follows:

> This is a FOIA request. I am an Arkansas resident.

> This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

> Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Your request specifically reflects all communications and documents regarding the above-reference matter, including all discussions with legal counsel and on case strategy. The information requested is protected by the federal common law doctrines of attorney-client privilege and work product. *See Jacksonville North Pulaski School District v. DM*, No. 42, 2020 WL 7391386, (E.D. Ark. Dec. 16, 2020) (Opinion of Judge Wilson finding he is not bound by Arkansas precedent concerning FOIA).

Based on the Court's prior ruling, Defendants request Plaintiffs withdraw the requests. Please let me know if you are willing to do so or would like to discuss this issue further. I am available to confer on this issue anytime this afternoon or tomorrow. If there is no willingness to discuss or withdraw the request, Defendants will have no option but to seek intervention of the Court.

Best regards,

Jordan

**Jordan Broyles**
Senior Assistant Attorney General
Special Litigation Section – Civil Division
Direct: (501) 682-9482 | Main: (501) 682-2007
jordan.broyles@arkansasag.gov

**Office of Arkansas Attorney General Tim Griffin**
323 Center Street, Suite 200
Little Rock, Arkansas 72201
www.ArkansasAG.gov



## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Rebecca McCoy <rmccoy@17distpa.com> |
| **Sent:** | Tuesday, October 10, 2023 4:50 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | RE: FOIA Request |

Mr. Mehdizadegan,

Neither I nor anyone in my office has communicated or corresponded with the Attorney General's office in the specified litigation. If you have any questions, feel free to contact me.

Rebecca Reed McCoy
Prosecuting Attorney
17th Judicial District
2407 Taylor Road
Searcy, AR 72143

(501) 279-6236

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:34 AM
**To:** Rebecca McCoy <rmccoy@17distpa.com>
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

Rebecca,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

## Abtin Mehdizadegan

Attorney at Law | Hall Booth Smith, P.C

**O:** 501.214.3499
**D:** 501.503.4445

200 River Market Avenue, Suite 500
Little Rock, AR 72201
hallboothsmith.com

1


EXHIBIT
2

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Jana Bradford <jbradford9wdpa@gmail.com> |
| **Sent:** | Tuesday, October 10, 2023 4:07 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | Re: FOIA Request |

This is in response to your FOIA request.  There have been no communications, correspondence, emails, documents, or any other public records exchanged between my office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present, regarding *Bio Gen, LLC v. Sanders et al*.

Jana Bradford
Prosecuting Attorney
9th West Judicial District
Howard, Little River, Pike And Sevier Counties
316 N. First Street
P.O. Box 2314
Glenwood, AR 71943
(870)356-2900

On Tue, Oct 10, 2023 at 10:31 AM Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

To Whom It May Concern:


This is a FOIA request. I am an Arkansas resident.


This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.


Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.


Regards,


EXHIBIT
3

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Chuck Graham <ChuckGraham@lonokepa.com> |
| **Sent:** | Tuesday, October 10, 2023 2:55 PM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | chuckgraham@lonokepa.com |
| **Subject:** | RE: FOIA Request |

Abtin,

I received your FOIA request and haven't found any records that would apply.  I will be out of the office the rest of this week for a conference, but will have our Office Manager doublecheck on Monday.

Chuck

Chuck Graham
Prosecuting Attorney
23rd Judicial District
301 N. Center, Suite #301
Lonoke, AR 72086
(501) 676-2807 (Office)
(501) 676-3044 (Fax)
(501) 605-3105 (Cell)
chuckgraham@lonokepa.com

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:27 AM
**To:** chuckgraham@lonokepa.com
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

Mr. Graham,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin


EXHIBIT
4

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Tony Rogers <ccpratty1914@gmail.com> |
| **Sent:** | Tuesday, October 10, 2023 2:27 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | Re: FOIA Request |

There has been no such communication or correspondence between my office and the AG's office.

On Tue, Oct 10, 2023, 10:24 AM Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

To Whom It May Concern:

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

### Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith. P.C.

**O:** 501.214.3499
**D:** 501.503.4445

200 River Market Avenue. Suite 500
Little Rock. AR 72201
hallboothsmith com

EXHIBIT
5

1

## Abtin Mehdizadegan

**From:** Kyle Hunter <khunter11w@jeffersoncountyar.gov>
**Sent:** Tuesday, October 10, 2023 2:25 PM
**To:** Abtin Mehdizadegan
**Subject:** Re: FOIA Request

Abtin,

In response to your FOIA request today, I have not had any correspondence with the AG's office.

Kyle


S. Kyle Hunter
Prosecuting Attorney
101 W. Barraque, Suite 201
Pine Bluff, AR 71601
870-541-5387
Fax: 870-536-3613




On Tue, Oct 10, 2023 at 10:32 AM Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

Kyle,


This is a FOIA request. I am an Arkansas resident.


This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.


Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.



1

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | David Ethredge <dethredge@14thpa.com> |
| **Sent:** | Tuesday, October 10, 2023 2:04 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | RE: FOIA Request |

Good afternoon
This office does not have any such documentation as it relates to Bio Gen,LLC vs. Sanders et al.
Thank you



OFFICE OF
THE PROSECUTING ATTORNEY
FOURTEENTH JUDICIAL DISTRICT

*David L. Ethredge*
PROSECUTING ATTORNEY

301 E 6TH. ST. STE. 170
MOUNTAIN HOME, AR 72653
PHONE: 870-425-2595
CELL: 870-656-5089
DETHREDGE@14THPA.COM

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:30 AM
**To:** David Ethredge <dethredge@14thpa.com>
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

Mr. Ethredge,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.



EXHIBIT
7

1

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Devon Holder <devonholderattorney@yahoo.com> |
| **Sent:** | Tuesday, October 10, 2023 1:29 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | Re: FOIA Request |

Abtin,

I have no such records in my possession.

Devon

# Devon Holder

Prosecuting Attorney, Third Judicial District
209 West Pyburn
Pocahontas, AR 72455
Phone: (870) 609-1914
Fax: (866) 612-7859

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this email. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

On Tuesday, October 10, 2023 at 10:30:48 AM CDT, Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

To Whom It May Concern:

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same address.



1

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Matthew Durrett <MDurrett@washingtoncountyar.gov> |
| **Sent:** | Tuesday, October 10, 2023 1:22 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | RE: FOIA Request |

Abtin,

I have not corresponded with the attorney general's office regarding this case.

Thank you,
Matt

**From:** Abtin Mehdizadegan [mailto:abtin@hallboothsmith.com]
**Sent:** Tuesday, October 10, 2023 10:33 AM
**To:** Matthew Durrett <MDurrett@washingtoncountyar.gov>
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Matthew,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

## Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith, P.C.

**O:** 501.214.3499
**D:** 501.503.4445

200 River Market Avenue, Suite 500
Little Rock, AR 72201
hallboothsmith.com



EXHIBIT

9

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Frank Spain <fts@tenthdistrictpa.org> |
| **Sent:** | Tuesday, October 10, 2023 1:14 PM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | Lynsey Russell |
| **Subject:** | Re: FOIA Request |

As I understand your request, you are seeking communications between the Attorney General's office and my office regarding *Bio Gen, LLC v. Sanders et al*. I have not had any direct contact with anyone from the AG's office regarding this case during the time frame specified.

Respectfully,


Frank Spain

Get Outlook for iOS

---

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:31 AM
**To:** Frank Spain <fts@tenthdistrictpa.org>
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

Frank,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

## Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith, P.C.

**O:** 501.214.3499        200 River Market Avenue, Suite 500
**D:** 501.503.4445        Little Rock, AR 72201

1


EXHIBIT
10

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Sonia Fonticiella <fonticiellapa2@gmail.com> |
| **Sent:** | Tuesday, October 10, 2023 1:05 PM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | Lynsey Russell |
| **Subject:** | Re: FOIA Request |

Abtin,
I have not had any direct communication about this case with the AG's office.
Thanks,
Sonia

On Tue, Oct 10, 2023 at 10:33 AM Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

Sonia,


This is a FOIA request. I am an Arkansas resident.


This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.


Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.


Regards,


Abtin


**Abtin Mehdizadegan**
Attorney at Law | Hall Booth Smith, P.C.

1

EXHIBIT

11

# Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Nathan Smith <Nathan.Smith@bentoncountyar.gov> |
| **Sent:** | Tuesday, October 10, 2023 12:46 PM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | Lynsey Russell; Joshua Robinson; Bryan Sexton |
| **Subject:** | Re: FOIA Request |

To Whom It May Concern,
 I do not possess any records responsive to your request.  Thank you for your letter.
Nathan Smith


Sent from my iPhone


On Oct 10, 2023, at 10:33 AM, Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

> **CAUTION:**  This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nathan,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin


## Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 501.214.3499 | 200 River Market Avenue, Suite 500 |
| **D:** 501.503.4445 | Little Rock, AR 72201 |
| | hallboothsmith.com |





EXHIBIT

12

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Jeff Rogers <jrogers@arkprosecutor13.com> |
| **Sent:** | Tuesday, October 10, 2023 11:20 AM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | RE: FOIA Request |

Neither I nor my office (13th Judicial District PA Office) possess any records, communications, correspondence, emails or documents whereby my office has communicated with the attorney general, including on any decision to appeal in the referenced matter.


Jeff Rogers
13th Judicial District Prosecuting Attorney

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:32 AM
**To:** jrogers@arkprosecutor13.com
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

Dear Mr. Rogers,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

## Abtin Mehdizadegan

Attorney at Law | Hall Booth Smith, P.C

| | |
|---|---|
| **O:** 501 214.3499 | 200 River Market Avenue, Suite 500 |
| **D:** 501 503.4445 | Little Rock, AR 72201 |
| | hallboothsmith.com |


EXHIBIT
13

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Abtin Mehdizadegan |
| **Sent:** | Tuesday, October 10, 2023 11:48 AM |
| **To:** | Jeff Rogers |
| **Subject:** | RE: FOIA Request |

Jeff,

Thank you. The FOIA does not recognize an attorney-client privilege exemption to production.

Abtin

**From:** Jeff Rogers <jrogers@arkprosecutor13.com>
**Sent:** Tuesday, October 10, 2023 11:47 AM
**To:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Subject:** RE: FOIA Request

Additionally, any communications, if any such did exist - which is addressed in my prior response, would be protected by attorney-client privilege.

Jeff Rogers
13th Judicial District Prosecuting Attorney

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:32 AM
**To:** jrogers@arkprosecutor13.com
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

Dear Mr. Rogers,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin



**DANIEL SHUE**
PROSECUTING ATTORNEY
TWELFTH JUDICIAL DISTRICT
SEBASTIAN COUNTY COURTS BUILDING
901 SOUTH B STREET, SUITE 209
FORT SMITH, ARKANSAS 72901
GENERAL OFFICE 479-783-8976
479-784-1554 (Restitution)      479-783-1069 (Victim/Witness)

October 10, 2023

VIA EMAIL abtin@hallboothsmith.com

Mr. Abtin Mehdizadegan
Attorney at Law
Hall Booth Smith, P.C.
200 River Market Avenue, Suite 500
Little Rock, AR  72201

     Re:    Freedom of Information Act Request

Dear Mr. Mehdizadegan:

    I wanted to acknowledge receipt of your email of October 10, 2023. I do not have any of the records that you have requested. Thank you for your kind attention to this matter.

SINCERELY,

DANIEL SHUE
PROSECUTING ATTORNEY

DS:js



EXHIBIT
14

# Office of Prosecuting Attorney
## Tom Tatum, II
### Fifteenth Judicial District
Post Office Box 1599

| | | |
|---|---|---|
| **Marcus Vaden**<br>**Chief Deputy** | **Danville, Arkansas 72833**<br>**(479) 495-4550 / Fax (479) 495-7992** | **Tyler Barham**<br>**Deputy** |

| Mark Johnson | Cory Wells | Zach Throneberry | Travis Plummer | Kevin Barham |
|---|---|---|---|---|
| Deputy | Deputy | Deputy | Deputy | Deputy |

October 10, 2023

**VIA EMAIL: abtin@hallboothsmith.com**

Abtin Mehdizadegan
Attorney at Law
200 River Market Avenue, Suite 500
Little Rock, Arkansas 72201

RE:   ***FOIA Request***

Dear Mr. Mehdizadegan:

There has been no correspondence between my office and the Arkansas Attorney General's office regarding Bio Gen, LLC v. Sanders et al.

If you have any questions, please do not hesitate to contact my office.

Sincerely,

Tom Tatum II
Prosecuting Attorney

TT/plb

**EXHIBIT**

15

## Abtin Mehdizadegan

**From:**        Tim Blair <timb@arcopros.com>
**Sent:**        Thursday, October 12, 2023 12:51 PM
**To:**          Abtin Mehdizadegan
**Subject:**     Re: FOIA Request

I have not received any communication directly from the Arkansas Attorney General's office. I have received information concerning this suit from PCO.  I've attached that correspondence to this email.  I did not include the attachments because they were documents filed in the suit.

Tim Blair
Prosecuting Attorney 11East
305 South College
Stuttgart AR, 72160
(870) 673-3048
Timb@arcopros.com

**From:** Jordan Broyles <jordan.broyles@arkansasag.gov>
**Sent:** Friday, October 6, 2023 4:39 PM
**To:** Bob McMahan <Bob.McMahan@arkansas.gov>
**Cc:** Alexandra Benton <alexandra.benton@arkansasag.gov>
**Subject:** Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718)

Bob,

Please see attached the following pleadings filed today in the Bio Gen/Delta 8 case:

- Defendants' Motion for Stay Pending Appeal;
  - Ex. A – Bicameral RFI and Response;
  - Ex. B – Incident Report;
- Brief in Support of Motion for Stay; and
- Notice of Appeal.

If you have any questions, please do not hesitate to give me a call!

Best regards,



EXHIBIT
16

Jordan

**Jordan Broyles**

Senior Assistant Attorney General

Special Litigation Section – Civil Division

Direct: (501) 682-9482 | Main: (501) 682-2007

jordan.broyles@arkansasag.gov

**Office of Arkansas Attorney General Tim Griffin**

323 Center Street, Suite 200

Little Rock, Arkansas 72201

www.ArkansasAG.gov



On Tue, Oct 10, 2023 at 10:34 AM Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

Tim,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

2

## Abtin Mehdizadegan

**From:** Debra Buschman <dwblegal@gmail.com>
**Sent:** Tuesday, October 10, 2023 1:05 PM
**To:** Abtin Mehdizadegan
**Subject:** FOIA
**Attachments:** Your Event Registration Details 2.pdf; 10 days until the Human Trafficking Summit!.pdf; Your Event Registration Details.pdf; Human Trafficking Summit is next week!.pdf

Mr. Mehdizadegan:
In response to the FOIA request you made of my office this morning please find attached my communications with the AG's office since 9/1.

Debra Buschman



1

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Todd Murray <1stjdpa@gmail.com> |
| **Sent:** | Tuesday, October 10, 2023 3:59 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | Re: FOIA Request |

Abtin,

My office has no documents or other records responsive to your request.

Todd H. Murray



## PROSECUTING ATTORNEY
**STATE OF ARKANSAS | 1ˢᵗ JUDICIAL DISTRICT**
*TODD H. MURRAY*

*Serving Cross, Lee, Monroe, Phillips, St. Francis and Woodruff Counties.*

(870) 338-5584 | PHILLIPS COUNTY COURTHOUSE
620 CHERRY ST., SUITE 206 | HELENA, AR 72342

LISA COURTNEY, OFFICE ADMINISTRATOR
(870) 261-1747 | ST. FRANCIS COUNTY COURTHOUSE
313 S. IZARD | P.O. BOX 365 | FORREST CITY, AR 72336

On 10/10/2023 10:34 AM, Abtin Mehdizadegan wrote:

> Todd,
>
> This is a FOIA request. I am an Arkansas resident.
>
> This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.
>
> Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.
>
> Regards,
>
> Abtin


EXHIBIT
18

**Abtin Mehdizadegan**

**From:**       Chris Walton <chris.walton@salinecounty.org>
**Sent:**       Wednesday, October 11, 2023 11:25 AM
**To:**         Abtin Mehdizadegan
**Subject:**    Re: FOIA Request

We have no documents responsive to the request.

On Tue, Oct 10, 2023 at 10:25 AM Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

Mr. Walton,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

**Abtin Mehdizadegan**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 501.214.3499          200 River Market Avenue, Suite 500
**D:** 501.503.4445          Little Rock, AR 72201
                              hallboothsmith.com





EXHIBIT
19

1

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Michelle Lawrence <MLawrence@garlandcounty.org> |
| **Sent:** | Tuesday, October 10, 2023 4:50 PM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | Lynsey Russell |
| **Subject:** | Re: FOIA Request |

Abtin,

I have no documents and/or correspondence that falls under your FOIA request dated October 10, 2023.

Michelle Lawrence
Prosecuting Attorney
18th East Judicial District
State of Arkansas

Sent from my iPhone

> On Oct 10, 2023, at 10:33 AM, Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:

Michelle,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

**Abtin Mehdizadegan**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 501.214.3499
**D:** 501.503.4445

200 River Market Avenue, Suite 500
Little Rock, AR 72201
hallboothsmith.com


EXHIBIT
20

1

## Abtin Mehdizadegan

**From:** Michael Bynum <Michael.Bynum@agriculture.arkansas.gov>
**Sent:** Tuesday, October 10, 2023 11:18 AM
**To:** Abtin Mehdizadegan
**Subject:** FW: FOIA Request

Mr. Mehdizadegan,

The Department has received your Freedom of Information Act request and it is currently in process. All further communications about this request can be routed to me.

Thanks,

**MICHAEL BYNUM**
MANAGING ATTORNEY

Arkansas Department of Agriculture
1 Natural Resources Drive, Little Rock, AR  72205
(501) 519-3716 | agriculture.arkansas.gov
michael.bynum@agriculture.arkansas.gov



**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:47 AM
**To:** AAD Info <info@agriculture.arkansas.gov>; wes.ward@agriculture.arkansas.
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

> Some people who received this message don't often get email from abtin@hallboothsmith.com. Learn why this is important

Dear Mr. Ward,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

1

EXHIBIT
21

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

## Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 501 214.3499 | 200 River Market Avenue, Suite 500 |
| **D:** 501.503.4445 | Little Rock, AR 72201 |
| | hallboothsmith.com |

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

# Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Dan Turner (AR-9E PA) <Dan.Turner@clarkar.us> |
| **Sent:** | Wednesday, October 11, 2023 7:40 AM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | Lynsey Russell |
| **Subject:** | FW: Order -- Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718) |
| **Attachments:** | 65. Bio Gen Order.pdf |

**From:** Bob McMahan <Bob.McMahan@arkansas.gov>
**Sent:** Friday, September 8, 2023 8:45 AM
**To:** Ben Hale - 8-N Judicial District Prosecutors Office (ben@8northpa.org) <ben@8northpa.org>;
carol.crews@20jd.ar.gov; ccpratty1914@gmail.com; Chris Walton (chris.walton@salinecounty.org)
<chris.walton@salinecounty.org>; Chuck Graham (chuckgraham@lonokepa.com) <chuckgraham@lonokepa.com>;
connie.mitchell@millercountypa.us; Dan Turner (AR-9E PA) <Dan.Turner@clarkar.us>; Daniel Shue
(dshue@co.sebastian.ar.us) <dshue@co.sebastian.ar.us>; David Ethredge (dethredge@14thpa.com)
<dethredge@14thpa.com>; Debra Buschman (dwblegal@gmail.com) <dwblegal@gmail.com>; Devon Holder
<devonholderattorney@yahoo.com>; Drew Smtih (smithlaw.drew@gmail.com) <smithlaw.drew@gmail.com>; Frank
Spain (fts@tenthdistrictpa.org) <fts@tenthdistrictpa.org>; jbradford9wdpa@gmail.com; Jeff Phillips
(jphillips@ar5thjudicial.org) <jphillips@ar5thjudicial.org>; Jeff Rogers (jrogers@arkprosecutor13.com)
<jrogers@arkprosecutor13.com>; krholmes@co.crawford.ar.us; Kyle Hunter - 11th West Judicial District Prosecutor's
Office (khunter11w@jeffersoncountyar.gov) <khunter11w@jeffersoncountyar.gov>; Matthew Durrett
<MDurrett@washingtoncountyar.gov>; Michelle Lawrence - 18th East Judicial District Prosecutor's Office
(MLawrence@garlandcounty.org) <MLawrence@garlandcounty.org>; Nathan Smith
(nathan.smith@bentoncountyar.gov) <nathan.smith@bentoncountyar.gov>; Rebecca Reed McCoy
<rmccoy@17distpa.com>; Sonia Fonticiella <fonticiellapa2@gmail.com>; Teresa Howell (teresajhowell@att.net)
<teresajhowell@att.net>; Tim Blair (timb@arcopros.com) <timb@arcopros.com>; Todd Murray (1stjdpa@gmail.com)
<1stjdpa@gmail.com>; Tom Tatum <tomtatum2@gmail.com>; Will Jones <willj@pulaskipa.org>
**Subject:** FW: Order -- Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718)

FYI

**From:** Jordan Broyles <jordan.broyles@arkansasag.gov>
**Sent:** Thursday, September 7, 2023 5:28 PM
**To:** Bob McMahan <Bob.McMahan@arkansas.gov>
**Subject:** Order -- Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718)

Bob,

The attached Order was just entered in the Bio Gen case. The Court granted Plaintiffs' Motion for Preliminary Injunction,
enjoining Defendants until further order of the Court from enforcing Act 629. The Court denied Defendants' Motion to
Dismiss finding both Governor Sanders and Attorney General Griffin are responsible for enforcement of the law. The
Order also states that "this case is not an appropriate case to decide the private right of action issue."

Please let me know your thoughts and any questions you may have on the order.

Best regards,



**EXHIBIT**

22

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Kevin Holmes <krholmes@co.crawford.ar.us> |
| **Sent:** | Tuesday, October 10, 2023 10:35 AM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | Lynsey Russell |
| **Subject:** | Re: FOIA Request |

Our office has never had any specific communication with the Attorney General's Office regarding an appeal.

Kevin Holmes
Prosecuting Attorney, 21st Judicial District

Sent from my iPhone

> On Oct 10, 2023, at 11:32 AM, Abtin Mehdizadegan <abtin@hallboothsmith.com> wrote:
>
> To Whom It May Concern:
>
> This is a FOIA request. I am an Arkansas resident.
>
> This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.
>
> Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.
>
> Regards,
>
> Abtin

### Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 501.214.3499 | 200 River Market Avenue, Suite 500 |
| **D:** 501.503.4445 | Little Rock, AR 72201 |
| | hallboothsmith.com |





## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Scott Hardin <Scott.Hardin@dfa.arkansas.gov> |
| **Sent:** | Tuesday, October 10, 2023 4:19 PM |
| **To:** | Abtin Mehdizadegan; Jim Hudson |
| **Cc:** | Lynsey Russell |
| **Subject:** | RE: FOIA Request |

Abtin,
Thank you for the FOIA request below. We are running searches for responsive documents.
Hope to have the formal, complete response to you tomorrow.
Let me know how I can help.

I appreciate it.

Scott

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:36 AM
**To:** Scott Hardin <Scott.Hardin@dfa.arkansas.gov>; Jim Hudson <Jim.Hudson@dfa.arkansas.gov>
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

> This message originated **outside DFA**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Mr. Hudson and Mr. Hardin,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

## Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith, P.C.


EXHIBIT
24

1

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Jeff Phillips <JPhillips@AR5thJudicial.org> |
| **Sent:** | Tuesday, October 10, 2023 10:47 AM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | Fwd: Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718) |
| **Attachments:** | image001.jpg; 68. Defendants' Motion for Stay Pending Appeal (2023.10.06).pdf; 68-1. Ex. A - Bicameral RFI and Response (2023.10.06).pdf; 68-2. Ex. B - Incident Report (2023.10.06).pdf; 69. BIS Defendants' Motion for Stay Pending Appeal (2023.10.06).pdf; 70. Notice of Appeal (2023.10.06).pdf |

Per your request.

Jeff Phillips.

Sent from my iPhone

Begin forwarded message:

> **From:** Bob McMahan <Bob.McMahan@arkansas.gov>
> **Date:** October 6, 2023 at 4:46:15 PM CDT
> **To:** "Ben Hale - 8-N Judicial District Prosecutors Office (ben@8northpa.org)" <ben@8northpa.org>, carol.crews@20jd.ar.gov, ccpratty1914@gmail.com, "Chris Walton (chris.walton@salinecounty.org)" <chris.walton@salinecounty.org>, "Chuck Graham (chuckgraham@lonokepa.com)" <chuckgraham@lonokepa.com>, connie.mitchell@millercountypa.us, "Daniel O. Turner - 9th East Judicial District Prosecutor's Office (dan.turner@clarkar.us)" <dan.turner@clarkar.us>, "Daniel Shue (dshue@co.sebastian.ar.us)" <dshue@co.sebastian.ar.us>, "David Ethredge (dethredge@14thpa.com)" <dethredge@14thpa.com>, "Debra Buschman (dwblegal@gmail.com)" <dwblegal@gmail.com>, Devon Holder <devonholderattorney@yahoo.com>, "Drew Smtih (smithlaw.drew@gmail.com)" <smithlaw.drew@gmail.com>, "Frank Spain (fts@tenthdistrictpa.org)" <fts@tenthdistrictpa.org>, jbradford9wdpa@gmail.com, Jeff Phillips <JPhillips@ar5thjudicial.org>, "Jeff Rogers (jrogers@arkprosecutor13.com)" <jrogers@arkprosecutor13.com>, krholmes@co.crawford.ar.us, "Kyle Hunter - 11th West Judicial District Prosecutor's Office (khunter11w@jeffersoncountyar.gov)" <khunter11w@jeffersoncountyar.gov>, Matthew Durrett <MDurrett@washingtoncountyar.gov>, "Michelle Lawrence - 18th East Judicial District Prosecutor's Office (MLawrence@garlandcounty.org)" <MLawrence@garlandcounty.org>, "Nathan Smith (nathan.smith@bentoncountyar.gov)" <nathan.smith@bentoncountyar.gov>, Rebecca Reed McCoy <rmccoy@17distpa.com>, Sonia Fonticiella <fonticiellapa2@gmail.com>, "Teresa Howell (teresajhowell@att.net)" <teresajhowell@att.net>, "Tim Blair (timb@arcopros.com)" <timb@arcopros.com>, "Todd Murray (1stjdpa@gmail.com)" <1stjdpa@gmail.com>, Tom Tatum <tomtatum2@gmail.com>, Will Jones <willj@pulaskipa.org>
> **Cc:** Lori Kumpuris <lori.kumpuris@arkansas.gov>
> **Subject: FW: Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718)**

> **From:** Jordan Broyles <jordan.broyles@arkansasag.gov>
> **Sent:** Friday, October 6, 2023 4:39 PM
> **To:** Bob McMahan <Bob.McMahan@arkansas.gov>

**EXHIBIT**

25

1

**Cc:** Alexandra Benton <alexandra.benton@arkansasag.gov>
**Subject:** Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718)

Bob,

Please see attached the following pleadings filed today in the Bio Gen/Delta 8 case:

1. Defendants' Motion for Stay Pending Appeal;
    1. Ex. A – Bicameral RFI and Response;
    2. Ex. B – Incident Report;
2. Brief in Support of Motion for Stay; and
3. Notice of Appeal.

If you have any questions, please do not hesitate to give me a call!

Best regards,

Jordan

**Jordan Broyles**
Senior Assistant Attorney General
Special Litigation Section – Civil Division
Direct: (501) 682-9482 | Main: (501) 682-2007
jordan.broyles@arkansasag.gov

**Office of Arkansas Attorney General Tim Griffin**
323 Center Street, Suite 200
Little Rock, Arkansas 72201
www.ArkansasAG.gov

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Drew Smith <smithlaw.drew@gmail.com> |
| **Sent:** | Wednesday, October 11, 2023 8:11 AM |
| **To:** | Abtin Mehdizadegan |
| **Cc:** | Lynsey Russell |
| **Subject:** | Re: FOIA Request |
| **Attachments:** | FW Bio Gen, LLC, et al. v. The State of Arkansas, et al. (423-cv-718).pdf; Gmail - FW Order -- Bio Gen, LLC, et al. v. The State of Arkansas, et al. (423-cv-718).pdf; Gmail - FW Bio Gen, LLC, et al. v. The State of Arkansas, et al. (423-cv-718).pdf; Gmail -   FW Bio Gen, LLC, et al. v. The State of Arkansas, et al. (423-cv-718).pdf |

Abtin,

I apologize for the delay.

(Bio Gen) I have searched my emails for that period and have found a couple emails that were forwarded to my office from the AG's office regarding that matter. Copies are attached. I also sent an email to PCO waiving service in that matter some time ago but that is outside of your requested timeframe. I believe this is everything I have received or sent regarding the Bio Gen matter.

(Non Bio Gen) I did find additional emails from the AG's office relating to other topics during this timeframe, mostly regarding criminal cases that are being appealed unrelated to the Bio Gen matter. Are you requesting copies of that correspondence also?

Thanks.

-drew

---

Drew E. Smith
Prosecuting Attorney for the 16th Judicial District of Arkansas

**Batesville Office**
Physical Address: 368 E. Main Street, Ste. 300, Batesville, Arkansas
Mailing Address: P.O. Box 4050, Batesville, Arkansas 72503
(870) 793-8825 phone
(870) 793-8870 facsimile

**Heber Springs Office**
Physical Address: 1708 West Main Street, Heber Springs, Arkansas
Mailing Address: P.O. Box 1437, Heber Springs, Arkansas
Heber Springs, Arkansas  72543
(501) 362-1818 phone
(501) 362-1817 facsimile

## PRIVATE AND CONFIDENTIAL

This electronic message transmission, and any files or documents transmitted with it, are a communication from the law firm of Drew E. Smith. This message contains information protected by the attorney/client privilege and is confidential or otherwise the exclusive property of the intended recipient or Drew E. Smith. This information is solely for the use of the individual or entity that is the intended recipient. If you have received this electronic transmission in error, please notify us by telephone (501) 362-1818, collect, or by electronic mail to smithlaw.drew@gmail.com and promptly destroy the original transmission. Thank you for your assistance.


EXHIBIT
26

## Abtin Mehdizadegan

**From:** Carol Crews <carol.crews@20jd.ar.gov>
**Sent:** Wednesday, October 11, 2023 12:34 PM
**To:** Abtin Mehdizadegan
**Subject:** FOIA request
**Attachments:** [Untitled].pdf

Mr. Mehdizadegan,
I've attached the documents in my possession that are responsive to your FOIA request received yesterday.

Carol Crews
Prosecuting Attorney
20th Judicial District
P.O. Box 550
Conway, AR 72033
501-450-4927 - phone
501-450-7606 - fax



1

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Ben Hale <ben@8northpa.org> |
| **Sent:** | Friday, October 13, 2023 9:27 AM |
| **To:** | Abtin Mehdizadegan; Lynsey Russell |
| **Subject:** | Fwd: Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718) |
| **Attachments:** | image001.jpg; 68. Defendants' Motion for Stay Pending Appeal (2023.10.06).pdf; 68-1. Ex. A - Bicameral RFI and Response (2023.10.06).pdf; 68-2. Ex. B - Incident Report (2023.10.06).pdf; 69. BIS Defendants' Motion for Stay Pending Appeal (2023.10.06).pdf; 70. Notice of Appeal (2023.10.06).pdf |

Ben Hale, Prosecuting Attorney
AR 8th North Judicial District
PO Box 1216
Hope, AR 71802
Office: 870-777-0900
Fax: 870-722-2904

Confidentiality Notice: The information contained in this e-mail is intended solely for the use of the named addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient(s) of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this email or through the contact information above, then permanently delete the original and any copy of any e-mail and any printout thereof.

Begin forwarded message:

> **From:** Bob McMahan <bob.mcmahan@arkansas.gov>
> **Date:** October 6, 2023 at 4:46:14 PM CDT
> **To:** Ben Hale <ben@8northpa.org>, carol.crews@20jd.ar.gov, ccpratty1914@gmail.com, "Chris Walton (chris.walton@salinecounty.org)" <chris.walton@salinecounty.org>, "Chuck Graham (chuckgraham@lonokepa.com)" <chuckgraham@lonokepa.com>, connie.mitchell@millercountypa.us, "Daniel O. Turner - 9th East Judicial District Prosecutor's Office (dan.turner@clarkar.us)" <dan.turner@clarkar.us>, "Daniel Shue (dshue@co.sebastian.ar.us)" <dshue@co.sebastian.ar.us>, "David Ethredge (dethredge@14thpa.com)" <dethredge@14thpa.com>, "Debra Buschman (dwblegal@gmail.com)" <dwblegal@gmail.com>, Devon Holder <devonholderattorney@yahoo.com>, "Drew Smtih (smithlaw.drew@gmail.com)" <smithlaw.drew@gmail.com>, "Frank Spain (fts@tenthdistrictpa.org)" <fts@tenthdistrictpa.org>, jbradford9wdpa@gmail.com, "Jeff Phillips (jphillips@ar5thjudicial.org)" <jphillips@ar5thjudicial.org>, "Jeff Rogers (jrogers@arkprosecutor13.com)" <jrogers@arkprosecutor13.com>, krholmes@co.crawford.ar.us, "Kyle Hunter - 11th West Judicial District Prosecutor's Office (khunter11w@jeffersoncountyar.gov)" <khunter11w@jeffersoncountyar.gov>, Matthew Durrett <mdurrett@washingtoncountyar.gov>, "Michelle Lawrence - 18th East Judicial District Prosecutor's Office (MLawrence@garlandcounty.org)" <mlawrence@garlandcounty.org>, "Nathan Smith (nathan.smith@bentoncountyar.gov)" <nathan.smith@bentoncountyar.gov>, Rebecca Reed McCoy <rmccoy@17distpa.com>, Sonia Fonticiella <fonticiellapa2@gmail.com>, "Teresa Howell (teresajhowell@att.net)" <teresajhowell@att.net>, "Tim Blair (timb@arcopros.com)" <timb@arcopros.com>, "Todd Murray (1stjdpa@gmail.com)" <1stjdpa@gmail.com>, Tom Tatum <tomtatum2@gmail.com>, Will Jones <willj@pulaskipa.c

EXHIBIT
28

1

**Cc:** Lori Kumpuris <Lori.Kumpuris@arkansas.gov>
**Subject: FW: Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718)**

**From:** Jordan Broyles <jordan.broyles@arkansasag.gov>
**Sent:** Friday, October 6, 2023 4:39 PM
**To:** Bob McMahan <Bob.McMahan@arkansas.gov>
**Cc:** Alexandra Benton <alexandra.benton@arkansasag.gov>
**Subject:** Bio Gen, LLC, et al. v. The State of Arkansas, et al. (4:23-cv-718)

Bob,

Please see attached the following pleadings filed today in the Bio Gen/Delta 8 case:
1. Defendants' Motion for Stay Pending Appeal;
    1. Ex. A – Bicameral RFI and Response;
    2. Ex. B – Incident Report;
2. Brief in Support of Motion for Stay; and
3. Notice of Appeal.

If you have any questions, please do not hesitate to give me a call!

Best regards,

Jordan

**Jordan Broyles**
Senior Assistant Attorney General
Special Litigation Section – Civil Division
Direct: (501) 682-9482 | Main: (501) 682-2007
jordan.broyles@arkansasag.gov

**Office of Arkansas Attorney General Tim Griffin**
323 Center Street, Suite 200
Little Rock, Arkansas 72201
www.ArkansasAG.gov

## Abtin Mehdizadegan

| | |
|---|---|
| **From:** | Teresa Howell <teresajhowell@att.net> |
| **Sent:** | Wednesday, October 11, 2023 4:12 PM |
| **To:** | Abtin Mehdizadegan |
| **Subject:** | Re: FOIA Request |

Good afternoon, Abtin -

The only information I have seen or received regarding this case has been through forwarded emails from Prosecutor Coordinator Bob McMahan. I have not spoken with anyone from the Arkansas Attorney General's Office about this matter.

Sincerely,
Teresa Howell
Prosecuting Attorney
Seventh Judicial District



EXHIBIT
29

1

## Abtin Mehdizadegan

**From:** Connie Mitchell <connie.mitchell@millercountypa.us>
**Sent:** Wednesday, October 18, 2023 4:30 PM
**To:** Abtin Mehdizadegan
**Subject:** RE: FOIA Request

Dear Sir/Madam, I have received your FOIA request regarding Bio Gen, LLC v. Sanders et al.  I have no documents subject to your request.

Connie Mitchell
Prosecuting Attorney
8th Judicial District-South
400 Laurel Street
Suite 6
Texarkana, AR  71854
870-774-1002 ext. 7
connie.mitchell@millercountypa.us

**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Tuesday, October 10, 2023 10:29 AM
**To:** Connie Mitchell <connie.mitchell@millercountypa.us>
**Cc:** Lynsey Russell <LRussell@hallboothsmith.com>
**Subject:** FOIA Request

Ms. Mitchell,

This is a FOIA request. I am an Arkansas resident.

This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office **and** the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.

Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.

Regards,

Abtin

## Abtin Mehdizadegan

Attorney at Law | Hall Booth Smith, P.C.

**O:** 501.214.3499
**D:** 501.503.4445

200 River Market Avenue, Suite 500
Little Rock, AR 72201
hallboothsmith.com

1


EXHIBIT
30

**Abtin Mehdizadegan**

| | |
|---|---|
| **From:** | Jordan Broyles <jordan.broyles@arkansasag.gov> |
| **Sent:** | Monday, October 2, 2023 9:32 AM |
| **To:** | Abtin Mehdizadegan; Allison Scott; Brianna McDonough; Christine Cryer; Joseph Stepina; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com |
| **Subject:** | RE: 4:23-cv-00718-BRW Bio Gen LLC et al v. Arkansas, State of et al |

Abtin,

I see the scheduling order requires a conference by October 25 and that the report is due November 8. I have depositions this week and next, but am available for a call Monday, Nov. 16. If you want to circulate a draft as a starting point that is certainly fine with me.

Best regards,

Jordan

**Jordan Broyles**
Senior Assistant Attorney General
Special Litigation Section – Civil Division
Direct: (501) 682-9482 | Main: (501) 682-2007
jordan.broyles@arkansasag.gov

**Office of Arkansas Attorney General Tim Griffin**
323 Center Street, Suite 200
Little Rock, Arkansas 72201
www.ArkansasAG.gov



**From:** Abtin Mehdizadegan <abtin@hallboothsmith.com>
**Sent:** Sunday, October 1, 2023 1:25 PM
**To:** Jordan Broyles <jordan.broyles@arkansasag.gov>; Allison Scott <allisonscott@hallboothsmith.com>; Brianna McDonough <brianna.mcdonough@arkansasag.gov>; Christine Cryer <christine.cryer@arkansasag.gov>; Joseph Stepina <JStepina@hallboothsmith.com>; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com
**Subject:** RE: 4:23-cv-00718-BRW Bio Gen LLC et al v. Arkansas, State of et al



All,

Just following up on my email below. Please advise at your earliest convenience.

Best,



1

Abtin

## Abtin Mehdizadegan
Attorney at Law | Hall Booth Smith, P.C.

**O:** 501.214.3499         200 River Market Avenue, Suite 500
**D:** 501.503.4445         Little Rock, AR 72201
                            hallboothsmith.com



CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Abtin Mehdizadegan
**Sent:** Wednesday, September 27, 2023 12:57 PM
**To:** 'Jordan Broyles' <jordan.broyles@arkansasag.gov>; Allison Scott <allisonscott@hallboothsmith.com>; Brianna McDonough <brianna.mcdonough@arkansasag.gov>; Christine Cryer <christine.cryer@arkansasag.gov>; Joseph Stepina <JStepina@hallboothsmith.com>; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com
**Subject:** RE: 4:23-cv-00718-BRW Bio Gen LLC et al v. Arkansas, State of et al

Jordan,

I hope you are well. On August 17, the Court entered an initial scheduling order. I would like to schedule and file our Rule 26(f) conference report expeditiously. Please advise if you are available for a call this week to discuss. I can also circulate a draft Rule 26(f) report for your review and comment. Please let me know your preference.

Abtin

**From:** Jordan Broyles <jordan.broyles@arkansasag.gov>
**Sent:** Wednesday, August 30, 2023 9:45 AM
**To:** Melanie Beard <Melanie_Beard@ared.uscourts.gov>; Lynsey Russell <LRussell@hallboothsmith.com>; Nona DiCarlo <NDiCarlo@hallboothsmith.com>; Abtin Mehdizadegan <abtin@hallboothsmith.com>; abtin.mehdizadegan@gmail.com; agcivil <agcivil@arkansasag.gov>; Allison Scott <allisonscott@hallboothsmith.com>; Brianna McDonough <brianna.mcdonough@arkansasag.gov>; Beverly Schoening <BSchoening@hallboothsmith.com>; Christine Cryer <christine.cryer@arkansasag.gov>; Hannah Moore <hannahmoore@hallboothsmith.com>; Joseph Stepina <JStepina@hallboothsmith.com>; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com
**Cc:** Chris Yates <Christopher_Yates@ared.uscourts.gov>; Tenesha Brown <Tenesha_Brown@ared.uscourts.gov>
**Subject:** RE: 4:23-cv-00718-BRW Bio Gen LLC et al v. Arkansas, State of et al

Thank you, Melanie!

**Jordan Broyles**
Senior Assistant Attorney General
Special Litigation Section – Civil Division
Direct: (501) 682-9482 | Main: (501) 682-2007
jordan.broyles@arkansasag.gov

**Office of Arkansas Attorney General Tim Griffin**
323 Center Street, Suite 200
Little Rock, Arkansas 72201
www.ArkansasAG.gov



**From:** Melanie Beard <Melanie_Beard@ared.uscourts.gov>
**Sent:** Tuesday, August 29, 2023 4:20 PM
**To:** LRussell@hallboothsmith.com; NDiCarlo@hallboothsmith.com; abtin@hallboothsmith.com; abtin.mehdizadegan@gmail.com; agcivil <agcivil@arkansasag.gov>; allisonscott@hallboothsmith.com; Brianna McDonough <brianna.mcdonough@arkansasag.gov>; bschoening@hallboothsmith.com; Christine Cryer <christine.cryer@arkansasag.gov>; hannahmoore@hallboothsmith.com; Jordan Broyles <jordan.broyles@arkansasag.gov>; jstepina@hallboothsmith.com; jswanson@boselaw.com; jturner@boselaw.com; pvink@boselaw.com
**Cc:** Chris Yates <Christopher_Yates@ared.uscourts.gov>; Tenesha Brown <Tenesha_Brown@ared.uscourts.gov>
**Subject:** 4:23-cv-00718-BRW Bio Gen LLC et al v. Arkansas, State of et al

**EXTERNAL EMAIL**

Good afternoon. Defendants' affidavit is due on or before noon on 8/31/23. My minutes have 8/30/23 in error. I apologize. Ms. Broyles, thank you for bringing the error to our attention.



ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Oct-27  15:05:59
60CV-21-582
C06D04 : 4 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## FOURTH DIVISION

**2600 HOLDINGS, LLC d/b/a
SOUTHERN ROOTS CULTIVATION**                                  **PLAINTIFF**

v.                          **CASE NO. 60CV-21-582**

**ARKANSAS DEPARTMENT OF
FINANCE & ADMINISTRATION;
ARKANSAS ALCOHOLIC BEVERAGE
CONTROL DIVISION; and ARKANSAS
MEDICAL MARIJUANA COMMISSION**                               **DEFENDANTS**

---

### MOTION TO WITHDRAW AS COUNSEL
### DUE TO CONCURRENT CONFLICT OF INTEREST
### AND MOTION TO STAY THE BRIEFING SCHEDULE
### REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

Defendants Arkansas Department of Finance and Administration ("DFA"),

Arkansas Alcoholic Beverage Control Administration ("ABC"), named as the

Arkansas Alcoholic Beverage Control "Division," and the Arkansas Medical

Marijuana Commission ("MMC") (collectively, "Defendants") move to withdraw the

Arkansas Attorney General's Office as counsel.

1.      Due to recent developments in this case, an unwaivable conflict of

interest has arisen that requires the Arkansas Attorney General's Office to withdraw

as counsel for each of the Defendants.



EXHIBIT
32

2.     Rule 1.7 of the Arkansas Rules of Professional Conduct provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."

3.     Specifically, a concurrent conflict of interest arises when "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." Ark. R. Pro. Conduct 1.7(a)(2).

4.     Due to recent disagreements by the Defendants regarding the best course of action in this case, it has become impossible for the Arkansas Attorney General's Office to continue to represent them.

5.     Throughout the course of this litigation, the Arkansas Attorney General's Office has zealously represented each of the Defendants, and until recently, without any conflict.

6.     However, Comment 4 to Rule 1.7 of the Arkansas Rules of Professional Conduct provides "[i]f a conflict arises after representation has been undertaken, the lawyer *must* withdraw from the representation." (emphasis added).

7.     As a result, Defendants request the Arkansas Attorney General's Office be withdrawn as counsel.

8.     On October 27, 2022, this Court entered an order granting Plaintiff's Emergency Motion to Shorten the Briefing Schedule and for Expedited Ruling. This order gave Defendants until October 31, 2022 to respond to Plaintiff's lengthy motion for summary judgment.

9.    Defendants further request the Court stay the briefing schedule regarding Plaintiff's motion for summary judgment until they retain new counsel and their counsel has had an opportunity to review the file and prepare a response to the motion for summary judgment.

10.    It is impossible for Defendants to obtain new counsel and prepare a response to the motion for summary judgment by Monday, October 31, 2022.

11.    This motion is not made for any improper purpose or for unnecessary delay.

WHEREFORE, Defendants pray that the Court grant Defendants' Motion to Withdraw Counsel Due to Concurrent Conflict of Interest and Motion to Stay the Briefing Schedule Regarding Plaintiff's Motion for Summary Judgment and for all other relief to which they may be entitled.

Respectfully submitted,

LESLIE RUTLEDGE

Arkansas Attorney General

By:    */s/ Kate Donoven*
Kate Donoven (98189)
Senior Assistant Attorney General
Matthew M. Ford (2013180)
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-8114
Fax: (501) 682-2591
Kate.Donoven@ArkansasAG.gov
Matthew.Ford@ArkansasAG.gov

*Attorneys for Defendants*

Page 3 of 4

## CERTIFICATE OF SERVICE

I, Kate Donoven, do hereby certify that on this 27th day of October, 2022, I filed the foregoing via the eFlex electronic filing system, which shall send notification of the filing to any participants.

*/s/ Kate Donoven*
Kate Donoven

To: Cabinet Secretaries
From: Kelly Eichler, Deputy Chief of Staff
Re: Contact list
Date: January 24, 2023

Welcome to the Team!
Below is a list of policy advisors/liaisons assigned to your agencies. Please call on them to help you in any matter concerning your agencies, particularly regarding legislation and meetings you may request of Governor Sanders. They should be your first call.

| Agriculture | Chafer Stanley | chafer.stanley@governor.arkansas.gov |
| Commerce | Selby Tucker | selby.tucker@governor.arkansas.gov |
| Corrections | Cortney Kennedy | cortney.kennedy@governor.arkansas.gov |
| Education | Morgan Warbington | morgan.warbington@governor.arkansas.gov |
| Energy | Chafer Stanley | chafer.stanley@governor.arkansas.gov |
| Finance | Selby Tucker | Selby.tucker@governor.arkansas.gov |
| Health | Jack Sisson* | jack.sisson@governor.arkansas.gov |
| | Trent Minner | trent.minner@governor.arkansas.gov |
| Hum Services | Jack Sisson | jack.sisson@governor.arkansas.gov |
| Labor | Joseph Givens | joseph.givens@governor.arkansas.gov |
| Military | Nic Ortiz | nic.ortiz@governor.arkansas.gov |
| Parks | Teddy Stewart* | teddy.stewart@governor.arkansas.gov |
| Pub Safety | Nic Ortiz | nic.ortiz@governor.arkansas.gov |
| TSS | Aaron Black | aaron.black@governor.arkansas.gov |
| Vet Affairs | Nic Ortiz | nic.ortiz@governor.arkansas.gov |
| Insp. General | Kelly Eichler | kelly.eichler@governor.arkansas.gov |

*Teddy Stewart also serves as Chief of Staff for First Gentleman Bryan Sanders.
*Jack Sisson will serve as backup for all of the policy advisors/liaisons.

To request a meeting with Governor Sanders, first contact your liaison to advise them of the subject matter and provide details so that they may prepare a briefing memo. If you call scheduling directly, you will be rerouted to your liaison so please don't skip step 1. Your liaison may ask you to first meet with senior staff to resolve the issue before taking it to the Governor. However, if you feel the matter is urgent, you may call Kelly Eichler              speed up the process.

Leslie Fisken,                      binet Affairs Director. We all know Leslie is great and she can do anything, but it is impossible for her to be liaison to every agency. She should be called when a matter affects a portion, or the entirety, of the Cabinet. She will be the main point of contact for cabinet meetings and any executive government-wide initiatives including metrics and accountability. She will stay in contact with you during and after the legislative session to ascertain what your agency has committed to do and see that legislative directives are met. Note: her email address is slightly different from the rest of staff. It is Leslie.fisken@governor.arkansas.gov

Jamie Barker             is Legislative Affairs Director. He can guide you in the manner to address the Legislature. Should you have questions about obtaining sponsors or shepherding a bill through the process, he can help you. If you believe you will be called to testify before a committee, reach out to him as soon as possible to review your testimony with him. It is important that your testimo

EXHIBIT
33

aligned with the Governor's views so please call him BEFORE you testify.
Jamie.barker@governor.arkansas.gov

Jack Sisson,                     Policy Director.  Jack is our healthcare advisor and backup in the event your liaison is unavailable.  He should be called when you question whether policies or rules, and proposed changes, are consistent with Governor Sanders' policies and views.  He is also the point of contact for all Executive Orders.  Jack keeps the train running on a single track.  Jack.sisson@governor.arkansas.gov

Vu Ritchie            s Chief Counsel, handling all legal matters for the Governor.  Your attorneys will include him in all legal matters, including rules and regulations review and amendment, and legal legislative issues.  Any lawsuit should be brought to his attention before it is filed, or as soon as you are served.  He will maintain regular contact with each agency chief counsel.
Vu.ritchie@governor.arkansas.gov

Alexa Henning,            s Communications Director.  Like Vu with chief counsels, she will work directly with your communications directors on all external communications prior to them being sent out.  She should be contacted any time you are presented with an FOIA request, and any time you or your communications directors are asked to make a comment to the media, BEFORE you comment.  Alexa is great with messaging so please ask her if you are unsure about how to respond to any question about your agency, legislation, etc.  Alexa.henning@governor.arkansas.gov

Aaron Black,            , is Budget Director.  Your budget directors should work closely with Aaron to keep your agencies' fiscal houses in good order.  He should be made aware of any budget requests you may have, any large expenditures looming and any savings you may be able to ascertain with your budget director.  Aaron.black@governor.arkansas.gov

Alex Flemister,            ), is Boards and Commissions Director.  If any of you are governed by a Board or Commission, or work closely with one, you should keep Alex in the loop when you have a member vacating a position due to expiration of their term or resignation.  You should also notify him if you know of people, whose view of the world aligns with the Governor's, and who may desire an appointment.  They should enter their request on the Governor's website portal, Governor.arkansas.gov, for Alex to see it.  alex.flemister@governor.arkansas.gov