IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BIO GEN, LLC, DRIPPERS VAPE SHOP, LLC,
THE CIGARETTE STORE LLC d/b/a SMOKER
FRIENDLY, and SKY MARKETING
CORPORATION d/b/a HOMETOWN HERO                                  PLAINTIFFS

v.                              Case No. 4:23-CV-718 (BRW)

GOVERNOR SARAH HUCKABEE SANDERS
in her official capacity; ATTORNEY GENERAL
JOHN TIMOTHY GRIFFIN in his official capacity;
TODD MURRAY, SONIA FONTICIELLA,
DEVON HOLDER, MATT DURRETT, JEFF PHILLIPS,
WILL JONES, TERESA HOWELL, BEN HALE,
CONNIE MITCHELL, DAN TURNER, JANA BRADFORD,
FRANK SPAIN, TIM BLAIR, KYLE HUNTER, DANIEL SHUE,
JEFF ROGERS, DAVID ETHREDGE, TOM TATUM, II,
DREW SMITH, REBECCA REED MCCOY,
MICHELLE C. LAWRENCE, DEBRA BUSCHMAN,
TONY ROGERS, NATHAN SMITH, CAROL CREWS,
KEVIN HOLMES, CHRIS WALTON, and CHUCK
GRAHAM, each in his or her official capacity as a prosecuting
attorney for the State of Arkansas; JIM HUDSON, in his official
capacity as Director of the ARKANSAS DEPARTMENT
OF FINANCE AND ADMINISTRATION; GREG SLED, in his
official capacity as Director of the ARKANSAS TOBACCO
CONTROL BOARD; WES WARD, in his official capacity as
Secretary of the ARKANSAS DEPARTMENT OF
AGRICULTURE; and MATTHEW MARSH, in his official
Capacity as Chair of the ARKANSAS STATE PLANT BOARD         DEFENDANTS

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR REPLY
IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER**

Lacking in authority and facing the unanimous judgment of three sitting judges in this district, Plaintiffs resort to hyperbole and invective to obscure the issues before this Court. Defendants have simply asked this Court to enter an order that both this Court and two other judges in this district have entered in similar cases. Rather than explain why the reasoning in those cases is erroneous, Plaintiffs respond (Doc. 78) with a flood of vituperation, calling the request "uniquely

1

dangerous and silly" (p. 20), claiming that it "betrays the fundamental principles of representative democracy" and "betrays every Arkansan with an interest in honest government" (p. 29). Plaintiffs accuse the Attorney General of "playing fast and loose with the facts and law" (p. 33). And perhaps most bizarrely of all, Plaintiffs now assert that the Attorney General does not represent the named defendants in this matter (pp. 23–27); they insinuate that the Attorney General's representation of the prosecuting attorneys in this matter could be criminal conduct (p. 26); and they claim that the Court "should strike all submissions made by the Attorney General on behalf of all Defendants" (p. 27).

Defendants suggest a return to the relevant law and the few undisputed facts needed to resolve this motion. Defendants' request for a protective order presents this court with two main questions. First, in cases that involve primarily federal claims, do federal courts have authority to prohibit opposing counsel from using the Arkansas FOIA to force the disclosure of information that is subject to the attorney-client privilege and the work-product privilege? The answer to that question—according to every judge in this district to consider it—is "yes."

Faced with this unanimous judgment, Plaintiffs have now conceded this point: "There is no dispute about this Court's power to issue protective orders in cases involving federal questions where the federal common law of attorney-client privilege applies." (Doc 78, p. 18.) This concession is doubly surprising because (1) the concession marks a reversal from Plaintiffs' position during the good-faith conferral, when Plaintiffs' counsel relied entirely on state-law grounds for refusing to withdraw the FOIA requests (Doc. 78, ex. 1.); and (2) the concession renders Plaintiffs' extended discussion of state law in their response on pp. 5–13 irrelevant.

Now that the Plaintiffs have conceded that this Court has authority to issue the requested order, the only question before this Court is whether, in this specific situation, Plaintiffs' counsel

is seeking information that is protected by the attorney-client privilege and the work-product privilege under the federal rules. Plaintiffs' counsel's FOIA requests expressly seek attorney-client communications. (Doc. 74, exhibits A–E, seeking "all communications…exchanged between [the recipient's] office **and** the Arkansas Attorney General's office" within a certain date range.) Under circumstances that are the same in all material respects, this Court, Chief Judge Marshall, and Judge Rudofsky all have agreed that some protection is warranted. *See Jacksonville N. Pul. Sch. Dist. v. DM*, No. 42, 2020 WL 7391386, Case No. 4:20-cv-256-BRW (E.D. Ark. Dec. 16, 2020); *Fatemi v. White*, 2014 WL 12754937, at *2, Case No. 4:11-cv-458-DPM (E.D. Ark. Mar. 27, 2014); and *Bosch v. Thurman*, 4:22-cv-00677-LPR (October 25, 2023). Plaintiffs' arguments to the contrary fail.

   I. **This Court has authority to issue the requested order.**

Plaintiffs filed a notice yesterday addressing the *Bosch* order, attempting to differentiate it from this case. In *Bosch*, the Court recognized that its inherent power does not extend forever, but the Court does have the power to limit parties from using the FOIA to gain access to the opposing parties' attorney-client privileged communications, or having someone else do it for them. When describing the "reticence" a Court should have in overriding state law, the Court discussed what documents should be considered part of the protective order, not whether a protective order should be issued. In their notice, plaintiffs attempt to twist the Court's words, arguing that the Court said in *Bosch* that the public nature of a particular case is relevant to the analysis of whether an order should be granted, and that whether the Attorney General's office is involved also matters. Both statements are nowhere to be found in *Bosch*. While *Bosch* holds no controlling authority over this court, the Defendants point to it as another court in the Eastern District recognizing the importance of such protection orders.

Both under the federal common law and the inherent powers of the judiciary, this Court has the authority to limit the use of the Arkansas FOIA in this matter, so that documents that would ordinarily be privileged may stay privileged for Defendants.

> **II. A protective order is appropriate here because Plaintiffs' counsel has explicitly sought information that qualifies for protection under the federal privileges for attorney-client communications and attorney work product.**

> *A. An attorney-client relationship exists between the Attorney General and the named defendants who received FOIA requests from Plaintiffs' counsel.*

As Plaintiffs rightly note (Doc. 78, p. 26), Ark. Code Ann. § 25-16-703(a) makes the Attorney General the "legal representative of all state officers…in all litigation where the interests of the state are involved." The dispute here is whether prosecutors are "state officers." Without any citation to authority, Plaintiffs confidently deny that prosecutors are state officers. But the Arkansas Supreme Court disagrees: "The Constitution provides for the office of prosecuting attorney and places it in the judicial department. Art. 7, s 24. **It is a State office and the prosecuting attorney is an officer of the State**." *Martindale v. Honey,* 259 Ark. 416, 418 (1976) (emphasis added). A quick search of Arkansas Supreme Court caselaw could have prevented the unfortunate insinuation that, in representing prosecutors in this action, the Attorney General had unlawfully "expand[e]d the scope of individuals entitled to the Attorney General's representation," which the Plaintiffs say "Arkansas law criminalizes." (Doc. 78, p. 26) Because Plaintiffs based their request for sanctions on their demonstrably false claim that prosecutors are not state officials (Doc. 78, p. 27), their request for sanctions is also hollow and should be denied.

> *B. The FOIA requests expressly sought privileged information because they sought "all communications" between the named defendants and their attorneys.*

The requested communications are firmly within the bounds of the attorney-client privilege. Plaintiffs' counsel asked the named defendants for "[a]ll communications,

4

correspondence, emails, documents, and any other public records exchanged between and among your office and the Arkansas Attorney General's office for the period of September 1, 2023 to the present." (Doc. 74, ex. A–E) The request expressly referenced communications from or to Defendants' counsel during a key period in this case. Aside from the bizarre claim that the prosecutors are not clients of the Attorney General, Plaintiffs do not contest that the requests were for communications that meet the definition of attorney-client privilege and attorney work product. Rather, Plaintiffs claim that the privilege has been waived or that it should not apply in the first place because this case is unique.

### C. *Even assuming Defendants waived privilege regarding their responses to the specific FOIA request, which they have not, a protective order is important for the future of this case.*

Despite knowing that Defendants were represented by counsel, Plaintiffs' counsel contacted them anyway to obtain information about this case. This contact was done without informing Defendants' counsel—whether before, at the same time as the requests, or even after. Now that some of the Defendants have responded, Plaintiffs' claim that the attorney-client privilege has been waived. This sort of behavior should not be rewarded by this Court. To any extent that this Court finds any of the Defendants did waive any privileges regarding the specific responses Plaintiffs repeat in their response (Doc. 78, pp. 24–26), the need for a protective order remains as to future attempts by Plaintiffs' counsel or Plaintiffs to seek other privileged information.

### III. Plaintiffs' two procedural arguments against the issuance of a protective order fail.

Plaintiffs provide two procedural reasons why they believe a protective order should not be issued.

First, Plaintiffs claim the Attorney General should be "quasi-estopped" from asserting inconsistent positions regarding attorney-client privilege and work-product privilege. Even if Plaintiffs were able to explain what "quasi-estopped" means and cite law to support such a claim, they are unable to show any reversal in position. The issue in this case is a federal court's authority to provide the requested relief under the procedural rules—not the state rules. Plaintiffs have not identified any statement by the Attorney General on this specific issue in this case. That failure alone means Plaintiffs' "quasi-estoppel" argument fails.

Second, Plaintiffs claim the Attorney General failed to confer in good faith, as required by Local Rule 7.2, before asking this Court to intervene. That's false. As Doc. 78, ex. 1 reflects, Defendants' counsel made the necessary attempt to discuss in good faith. Plaintiffs' apparently believe that a good-faith conferral requires extensive discussion and argument but cite no authority for that. Since the parties could not agree, this Court's intervention is warranted.

## CONCLUSION

Defendants respectfully request that this Court use its authority to order that, during the pendency of this case, Plaintiffs and Plaintiffs' counsel are prohibited from:

(1) using the FOIA to request privileged material about this case that is maintained by any named defendant; and

(2) asking anyone else to use the FOIA to obtain that information on their behalf.


Respectfully submitted,

TIM GRIFFIN
Attorney General

                                              s/Justin Brascher
                                              Justin Brascher, Ark Bar No. 2023029
                                              Wash. Bar No. 58371
                                              Assistant Attorney General
                                              Arkansas Attorney General's Office
                                              323 Center Street, Suite 200
                                              Little Rock, AR 72201
                                              Phone: (501) 682-9482
                                              Fax: (501) 682-2591
                                              Email: justin.brascher@arkansasag.gov

                                              *Attorneys for all Defendants*

## CERTIFICATE OF SERVICE

    I, Justin Brascher, hereby certify that on October 31, 2023, I electronically filed the foregoing pleading on behalf of all Defendants using the CM/ECF system, which will send notifications to all attorneys of record.

                                              s/Justin Brascher
                                              Justin Brascher