IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BIO GEN, LLC, DRIPPERS VAPE SHOP, LLC,                                    PLAINTIFFS
THE CIGARETTE STORE LLC d/b/a SMOKER
FRIENDLY, and SKY MARKETING
CORPORATION d/b/a HOMETOWN HERO,

v.                      Case No. 4:23-CV-718 (BRW)

GOVERNOR SARAH HUCKABEE SANDERS,                                          DEFENDANTS
in her official capacity; ATTORNEY GENERAL
JOHN TIMOTHY GRIFFIN
in his official capacity;
TODD MURRAY, SONIA FONTICIELLA,
DEVON HOLDER, MATT DURRETT,
JEFF PHILLIPS, WILL JONES, TERESA HOWELL,
BEN HALE, CONNIE MITCHELL, DAN TURNER,
JANA BRADFORD, FRANK SPAIN, TIM BLAIR,
KYLE HUNTER, DANIEL SHUE, JEFF ROGERS,
DAVID ETHREDGE, TOM TATUM, II,
DREW SMITH, REBECCA REED MCCOY,
MICHELLE C. LAWRENCE, DEBRA BUSCHMAN,
TONY ROGERS, NATHAN SMITH, CAROL CREWS,
KEVIN HOLMES, CHRIS WALTON,
and CHUCK GRAHAM, each in his or her official capacity
as a prosecuting attorney for the State of Arkansas;
JIM HUDSON, in his official capacity as director of the
ARKANSAS DEPARTMENT OF FINANCE
AND ADMINISTRATION; GREG SLED,
in his official capacity as director of the ARKANSAS
TOBACCO CONTROL BOARD; WES WARD,
in his official capacity as secretary of the ARKANSAS
DEPARTMENT OF AGRICULTURE; and
MATTHEW MARSH, in his official capacity as
chair of the ARKANSAS STATE PLANT BOARD

**JOINT RULE 26(f) REPORT**

Plaintiffs and Defendants, by and through their respective counsel, submit the following information in compliance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1. The Parties began their Rule 26(f) exchanges on or about

1

October 25, 2023, and have since prepared this Joint Rule 26(f) Report for the Court's review and consideration in entering a Final Scheduling Order in this matter.

**(1)    ANY CHANGES IN TIMING, FORM, OR REQUIREMENTS OF MANDATORY DISCLOSURES UNDER FED. R. CIV. P. 26(a).**

**Plaintiffs:** Except as set forth below, the Plaintiffs have no proposed changes in the timing, form, or requirements of mandatory disclosures under Rule 26(a) of the Federal Rules of Civil Procedure at this time. In particular, as it relates to the pending appeal, no stay has been issued and Plaintiffs believe that discovery should proceed in the ordinary course.

**Defendants:** On October 6, 2023, the Defendants filed a Notice of Appeal regarding Docket Entries 65 and 66, this Court's Order on Defendants Motion to Dismiss, etc. The Appeal is docketed in the Eighth Circuit Court of Appeals as Case No. 23-3237. A briefing schedule is set. Defendants do not believe mandatory disclosures are appropriate at this time. Should this Court determine that mandatory disclosures are appropriate, Defendants would propose changes to the timing, form, and requirements as specified below.

**(2)    DATE WHEN MANDATORY DISCLOSURES WERE OR WILL BE MADE.**

(a)    **Plaintiffs:** Mandatory disclosures, excluding expert disclosures and reports, will be made on or before **November 8, 2023**.

**Defendants:** Mandatory disclosures, excluding expert disclosures and reports, will be made within thirty (30) days following a ruling on their Appeal in Case No. 23-3237.

Should, however, this Court determine that mandatory disclosures are appropriate during the pendency of their Appeal, mandatory disclosures, excluding expert disclosures and reports, should be made on or before December 8, 2023.

**(b)** **Plaintiffs:** Case-in-chief expert disclosures and reports will be made on or before **March 1, 2024**. Rebuttal expert disclosures and reports will be made on or before **April 15, 2024**.

**Defendants:** Case-in-chief expert disclosures and reports should be made within 120 days following a ruling on their Appeal in Case No. 23-3237. Should, however, this Court determine that mandatory disclosures are appropriate during the pendency of their Appeal, Case-in-chief expert disclosures and reports should be made on or before **April 1, 2024**. Rebuttal expert disclosures and reports should be made on or before **May 15, 2024**.

**(c)** Pretrial disclosures will be made as required by Rule 26(a)(3) and the Final Scheduling Order to be entered by the Court.

**(3)** **SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED.**

The subjects of discovery will include the allegations, causes of action, and defenses raised in the Parties' pleadings, motions, and other papers. Discovery of specific information regarding the treatment and regulation of hemp products by applicable regulators, will likely be necessary. The Parties may also take discovery regarding any enforcement actions relating to hemp products. The discovery will be secured by written discovery requests, depositions of fact witnesses and experts, and through third-party subpoenas. Additional discovery may be secured from other parties identified as having

knowledge of relevant facts. The Parties may also seek discovery of text messages, emails, and other written communication during the relevant time period, pursuant to the Federal Rules of Civil Procedure.

**(4)  WHETHER ANY PARTY WILL LIKELY BE REQUESTED TO DISCLOSE OR PRODUCE INFORMATION FROM ELECTRONIC OR COMPUTER-BASED MEDIA.**

Although it is not known at this time whether electronic discovery will be necessary, it is possible that some electronic discovery may be necessary for both parties. Where applicable, the parties agree that electronic documents may be produced in pdf or Native format as the case may be.

(a) **Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

Disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business.

(b) **The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

Excluding production of documents from third parties, the Parties do not anticipate that there will be any significant cost or time required for disclosure or production of data beyond what is reasonably available to the Parties in the ordinary course of business at this time.

(c) **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The Parties will confer in good faith regarding how such information shall be produced, if requested and required, as specified above.

(d) **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

All Parties' counsel have instructed their respective clients to preserve discoverable data.

(e) **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

Beyond Defendants' pending Motion for Protective Order regarding Arkansas Freedom of Information Act Requests, which Plaintiffs maintain are not "discovery" requests contemplated by Rule 26, the Parties do not anticipate any other problems in connection with electronic or computer-based discovery at this time.

(5) **DATE BY WHICH DISCOVERY SHOULD BE COMPLETED.**

**Plaintiffs:**  Discovery will be completed on or before **May 10, 2024**.

**Defendants:** Discovery should be completed within 180 days following a ruling on their Appeal in Case No. 23-3237.  Should, however, this Court determine that discovery is appropriate during the pendency of their Appeal, Defendants do not object to the proposed May 10, 2024 deadline.

(6) **ANY NEEDED CHANGES IN LIMITATIONS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE.**

None at this time.

(7) **ANY ORDERS, *e.g.*, PROTECTIVE ORDERS, WHICH SHOULD BE ENTERED.**

The Defendants' Motion for Protective Order is currently pending before the Court on a limited issue involving attorney-client privilege matters. The Parties vigorously disagree about the propriety of a protective order under those circumstances. Beyond

5

their current dispute, if future issues arise, the Parties will confer in good faith and jointly seek the entry of a stipulated protective order to protect any of the Parties' confidential, proprietary, trade secret, or other sensitive information from disclosure or use if such information is requested of either Party in discovery. If the Parties cannot reach an agreement after conferral in good faith, they will request the Court's assistance.

**(8) ANY OBJECTIONS TO INITIAL DISCLOSURES ON THE GROUND THAT MANDATORY DISCLOSURES ARE NOT APPROPRIATE IN THE CIRCUMSTANCES OF THE ACTION.**

**Plaintiffs:** None.

**Defendants:** On October 6, 2023, the Defendants filed a Notice of Appeal regarding Docket Entries 65 and 66, this Court's Order on Defendants' Motion to Dismiss, etc. The Appeal is docketed in the Eighth Circuit Court of Appeals as Case No. 23-3237. A briefing schedule is set. Defendants do not believe that either mandatory or initial disclosures are appropriate. In their Motion to Dismiss, the Defendants raised the affirmative defense of sovereign immunity.

**(9) ANY OBJECTIONS TO THE PROPOSED TRIAL DATE AND ESTIMATED NUMBER OF SIX-HOUR TRIAL DAYS NEEDED.**

**Plaintiffs:** The Plaintiffs do not object to the proposed trial date of **August 27, 2024**. The Plaintiffs anticipate that three days will be required for a bench trial.

**Defendants:** The Defendants object to the proposed trial date, for the reasons previously stated. Should this matter proceed to trial, Defendants anticipate that three days will be required for a bench trial.

**(10) PROPOSED DEADLINE FOR JOINING OTHER PARTIES AND AMENDING THE PLEADINGS.**

The Parties propose deadline of **March 15, 2024** as the final date on which to join other parties and/or to amend the pleadings.

**(11)** **PROPOSED DEADLINE FOR FILING MOTIONS.**

    **(a)** *Daubert* **Motions:**

    **Plaintiffs:** Motions pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) must be filed on or before **May 24, 2024**.

    **Defendants:** As previously stated, the Defendants to not believe this case should proceed in this Court while the appeal is pending. Should, however, this determine that it should, the parties propose the deadlines below:

    **Dispositive Motions:** Dispositive motions pursuant to Rule 56 must be filed on or before **May 29, 2024**.

    **Motions in Limine:** Motions in Limine must be filed on or before **June 28, 2024**.

**(12)** **CLASS CERTIFICATION: IN THE CASE OF A CLASS ACTION COMPLAINT, THE PROPOSED DEADLINE FOR THE PARTIES TO FILE A MOTION FOR CLASS CERTIFICATION.**

None.

Jointly submitted this 8th day of November, 2023 by:

        **COUNSEL FOR PLAINTIFFS**

        Abtin Mehdizadegan (2013136)
        Joseph C. Stepina (2020124)
        Allison T. Scott (2020205)
        HALL BOOTH SMITH, P.C.
        200 River Market Avenue, Suite 500
        Little Rock, Arkansas 72201
        Telephone: (501) 214-3499
        Facsimile: (501) 604-5566
        abtinn@hallboothsmith.com
        jstepina@hallboothsmith.com
        allisonscott@hallboothsmith.com

        - and -

Justin Swanson (admitted *pro hac vice*)
Paul Vink (admitted *pro hac vice*)
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5404
(317) 223-0404
jswanson@boselaw.com
pvink@boselaw.com


**COUNSEL FOR DEFENDANT**
Christine A. Cryer (2001082)
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2029
(501) 682-2581
Christine.Cryer@arkansasag.gov