FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 21 2023

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| BIO GEN, LLC, *et al.* | | PLAINTIFFS |
| VS. | 4:23-CV-00718-BRW | |
| SARAH HUCKABEE SANDERS, *et al.* | | DEFENDANTS |

## ORDER

Pending is Defendants' Motion for Protective Order (Doc. No. 74). Plaintiffs have responded and Defendants have replied.[1] For the reasons below, the motion is DENIED.

### I.  BACKGROUND

On July 31, 2023, Plaintiffs filed a Complaint alleging that Act 629, passed by the Arkansas General Assembly in 2022, violates the United States Constitution on several grounds. On September 7, 2023, I granted Plaintiffs' motion for preliminary injunction and denied Defendants' motion to dismiss.[2] On October 6, 2023, Defendants filed a Notice of Appeal.[3]

On October 10, 2023, Plaintiffs' counsel sent requests for information to Defendants under the Arkansas Freedom of Information Act ("FOIA").[4] The relevant part of Arkansas's FOIA law provides:

> Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying, including without limitation copying through image capture, including still and moving photography and video and digital recording, by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.[5]

---

[1] Doc. Nos. 78, 81.

[2] Doc. No. 65-1.

[3] Doc. No. 70.

[4] Ark. Code Ann. § 25-19-101, *et seq.*

1

Neither party disputes that the requested information are "public records" as defined under FOIA.[6]

Each request to separate Defendants was as follows:

> This is a FOIA request. I am an Arkansas resident.
>
> This is a specific, narrowly targeted FOIA request for all communications, correspondence, emails, documents, and any other public records exchanged between and among your office and the Arkansas Attorney General's office for the period of September 1, 2023 to the present. In particular, and not by way of limitation, I am seeking any documents or information regarding *Bio Gen, LLC v. Sanders, et al.*, including any decision or discussion relating to whether you, as a defendant, agreed to appeal the preliminary injunction order entered regarding Act 629.
>
> Please produce all such records within 3 days of receipt by electronic delivery to the extent possible. For instance, if your responsive records are in email, you can print to PDF to produce such records, and then transmit same by email to this address.[7]

Defendants argue that, since this case involves only federal claims, the federal common law concerning attorney-client privilege and work product applies[8] and, therefore, I am not bound by Arkansas precedent concerning FOIA.[9] Further, Defendants assert that they asked Plaintiffs to withdraw their FOIA requests, and made a good faith offer to confer on the issue, but were not able

---

[5]*Id.* § 25-19-105 (a)(1)(A).

[6]Ark. Code Ann. § 25-19-103(7)(A) (defining public record a "means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records").

[7]Doc. Nos. 74-1, 74-2, 74-3, 74-4, 74-5.

[8]*Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).

[9]See *Fatemi v. White*, No. 4:11-CV-458-DPM, 2014 WL 12754937, at *2 (E.D. Ark. Mar. 27, 2014).

to resolve their disagreements. After some distillation of their arguments, Plaintiffs essentially respond that: (1) Defendants have failed to show good cause for a protective order; and (2) Defendants failed to make a good faith effort to resolve the issue before requesting the protective order.

## II. DISCUSSION

### A. FOIA Requests

Defendants seek a protective order protecting privileged materials from disclosure to Plaintiffs, their attorneys, or any other person requesting them under FOIA until the conclusion of this litigation.

The Federal Rules "permit liberal discovery," but it should be done "'for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.'"[10] The Federal Rules allow a court to issue protective orders upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[11]

Under the "good cause" provision of Fed. R. Civ. P. 26(c), the burden is on the movant to show necessity of a protective order.[12] This analysis "contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[13] The determination must also include "a consideration of the relative hardship to the non-moving party should the protective order be granted."[14] "Because of liberal discovery and the potential for

---

[10] *Misc. Docket Matter No. 1 v. Misc Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)).

[11] Fed. R. Civ. P. 26(c).

[12] *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

[13] *Id.*

[14] *Id.*


abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection in required.'"[15]

The parties dispute whether I have the authority to enter a protective order to prevent disclosure of information under Arkansas's FOIA law, and whether, I should use the authority in this case.[16]

Clearly, I have the authority to issue the protective order. The Arkansas Supreme Court recognized a trial court's authority to issue a protective order in *City of Fayetteville v. Edmark*, stating:

> A trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that will provide FOIA exemption under § 25-19-15(b)(8) . . . . We interpret this section as requiring the circuit court to grant exemption if another court has restricted disclosure of the documents being sought. The FOIA court must give credit to protective orders previously issued by other courts.[17]

Additionally, judges in the Eastern District of Arkansas have routinely issued protective orders regarding disclosure of information sought under Arkansas's FOIA law,[18] even though they differ on the appropriate use of this power and the scope that the protective order should encompass.[19] However, the question remains as to whether Defendants have met their burden to show good cause exists for a protective order. They have not.

---

[15] *Misc. Docket Matter*, 197 F.3d at 925 (quoting *Seattle Times*, 467 U.S. at 34 (1984)).

[16] Doc. Nos. 74, 75, 78, 79, 81.

[17] 801 S.W. 2d 275, 281(1990).

[18] See *Bosch v. Thurman*, Case No. 4:22-CV-00677-LPR EDAR (October 25, 2023); *Hartman v. City of Sherwood, Arkansas*, No. 4:21-CV-00974 KGB, 2022 WL 4126338, at *2 (E.D. Ark. Sept. 9, 2022); *Fatemi v. White*, No. 4:11-CV-458-DPM, 2014 WL 12754937, at *2 (E.D. Ark. Mar. 27, 2014).

[19] Compare *Fatemi*, 2014 WL 12754937 with *Bosch*, Case No. 4:22-CV-00677-LPR EDAR (October 25, 2023).

First, Plaintiffs' counsel made the FOIA requests as an Arkansas citizen, not in his role as Plaintiffs' counsel or as part of the formal discovery process.[20] Unlike other cases in this district where protective orders have been issued regarding Arkansas's FOIA law,[21] Plaintiffs' counsel did not use FOIA as a basis for formal discovery in this case, nor does his independent FOIA request mirror any Rule 26 discovery request.[22] In fact, nothing in the record indicates that any formal discovery requests have been made. Second, Defendants actually provided responses to the FOIA requests at issue.[23] Third, I fail to see any harm in the requested information being available for public view, or any unfair advantage gained by Plaintiffs. This case concerns the constitutionality of a law already passed by the Arkansas legislature. The only remedy sought is injunctive relief. There is no question of civil or criminal liability for any Defendant.

The Arkansas FOIA clearly permits a citizen to compel disclosure of public records from state and local entities regardless of the citizen's status as a litigant.[24] Though the Motion for Protective Order claims that Federal Rules of Evidence and Civil Procedure prohibit the use of Arkansas's FOIA in lieu of discovery to obtain documents in support of one's case, after a

---

[20]Doc. Nos. 74, 75, 78, 79, 81.

[21]See *e.g., supra*, note 17.

[22]I note, the parties recently completed the required Rule 26(f) planning meeting and filed the subsequent report on November 8, 2023.

[23]Based on the record, 29 Defendants responded to the request (Doc. No. 78, pp. 24-25). It appears that no requests were made to Attorney General Griffen and Governor Sanders.

[24]See *City of Fayetteville v. Edmark*, 801 S.W.2d at 281 ("The public has a right to know about public business, even when the disclosure might benefit an adverse litigant. Under the FOIA, the media, as well as adverse litigants, are members of the public and are entitled to publicly funded information."); see also *Berry v. Saline Mem'l Hosp.*, 907 S.W.2d 736, 738 (Ark. 1995) ("The FOIA at times provides greater disclosure than do the discovery procedures afforded by the Arkansas Rules of Civil Procedure.").

lawsuit has been filed and a federal court's jurisdiction has been engaged;[25] that is simply not true—and none of the legal authority cited supports it. In the current posture of the case, with no formal discovery requests and no unfair advantage to Plaintiffs through FOIA requests, the proper venue for any future FOIA disputes is the appropriate state court.[26] However, if circumstances change during the course of discovery, Defendants may renew their motion.

## CONCLUSION

Based on the reasons above, Defendants' Motion for Protective Order (Doc. No. 74) is DENIED without prejudice.

IT IS SO ORDERED this 21st day of November, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[25] Doc. Nos. 74, 75, 81.

[26] See Ark. Code Ann. § 25-19-107.