**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BIO GEN, LLC, DRIPPERS VAPE SHOP, LLC,
THE CIGARETTE STORE LLC d/b/a SMOKER
FRIENDLY, and SKY MARKETING
CORPORATION d/b/a HOMETOWN HERO**                  **PLAINTIFFS**

v.                         Case No. 4:23-CV-718 (BRW)

**GOVERNOR SARAH HUCKABEE SANDERS
in her official capacity; ATTORNEY GENERAL
JOHN TIMOTHY GRIFFIN in his official capacity;
TODD MURRAY, SONIA FONTICIELLA,
DEVON HOLDER, MATT DURRETT, JEFF PHILLIPS,
WILL JONES, TERESA HOWELL, BEN HALE,
CONNIE MITCHELL, DAN TURNER, JANA BRADFORD,
FRANK SPAIN, TIM BLAIR, KYLE HUNTER, DANIEL SHUE,
JEFF ROGERS, DAVID ETHREDGE, TOM TATUM, II,
DREW SMITH, REBECCA REED MCCOY,
MICHELLE C. LAWRENCE, DEBRA BUSCHMAN,
TONY ROGERS, NATHAN SMITH, CAROL CREWS,
KEVIN HOLMES, CHRIS WALTON, and CHUCK
GRAHAM, each in his or her official capacity as a prosecuting
attorney for the State of Arkansas; JIM HUDSON, in his official
capacity as Director of the ARKANSAS DEPARTMENT
OF FINANCE AND ADMINISTRATION; GREG SLED, in his
official capacity as Director of the ARKANSAS TOBACCO
CONTROL BOARD; WES WARD, in his official capacity as
Secretary of the ARKANSAS DEPARTMENT OF
AGRICULTURE; and MATTHEW MARSH, in his official
Capacity as Chair of the ARKANSAS STATE PLANT BOARD**        **DEFENDANTS**

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF ALL DEFENDANTS**

Come now the Defendants, Governor Sarah Huckabee Sanders, in her official capacity; Attorney General John Timothy Griffin in his official capacity, Todd Murray, Sonia Fonticiella, Devon Holder, Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Jana Bradford, Frank Spain, Tim Blair, Kyle Hunter, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum II, Drew Smith, Rebecca Reed McCoy, Michelle C. Lawrence, Debra

Buschman, Tony Rogers, Nathan Smith, Carol Crews, Kevin Holmes, Chris Walton, and Chick Graham, each in his or her official capacity as a prosecuting attorney for the State of Arkansas; Jim Hudson, in his official capacity as Director of the Arkansas Department of Finance and Administration; Greg Sled, in his official capacity as Director of the Arkansas Tobacco Control Board; Wes Ward, in his official capacity as Secretary of the Arkansas Department of Agriculture; and Matthew Marsh, in his official capacity as Chair of the Arkansas State Plant Board, and for their Answer to the Plaintiff's Amended Complaint state:

1. The Defendants acknowledge the Plaintiffs' suit challenges Act 629 of the 94th General Assembly of Arkansas. All remaining allegations contained in paragraph 1 of the Amended Complaint are denied.

2. The Defendants are without knowledge or information sufficient at this time to admit or deny whether Plaintiffs cultivate, wholesale, distribute, or retail hemp plants and hemp-derived products in an out of Arkansas. All remaining allegations contained in paragraph 2 of the Amended Complaint are denied.

3. The Defendants admit President Trump signed the Agriculture Improvement Act of 2018 into law on December 20, 2018. Defendants state it speaks for itself and deny Plaintiffs' summation of same that conflicts with the law. Any remaining allegations contained in paragraph 3 of the Amended Complaint are denied.

4. The Defendants deny the allegations contained in paragraph 4 of the Amended Complaint.

5. The 2018 Farm Bill speaks for itself, and therefore, the Defendants deny all allegations that conflict with the law. Any remaining allegations contained in paragraph 5 of the Amended Complaint are denied.

6. Act 981 of the 91st General Assembly of Arkansas and Act 504 of the 92nd General Assembly of Arkansas speak for themselves. The Defendants deny all allegations, contentions, and summations of Plaintiffs that conflict with the language of the acts. Any remaining allegations contained in paragraph 6 of the Amended Complaint are denied.

7. The Defendants deny the allegations contained in paragraph 7 of the Amended Complaint.

8. The Defendants deny this Court has subject matter jurisdiction over this case, and therefore, deny the allegations contained in paragraphs 8, 9, 10, and 11 of the Amended Complaint.

9. The Defendants are without knowledge or information sufficient at this time to admit or deny the allegations contained in paragraphs 12, 13, 14, and 15 of the Amended Complaint, and therefore deny same.

10. The Defendants admit separate Defendant Sanders is being sued in her official capacity. The Defendants deny, as pled, the remainder of the allegations contained in paragraph 16 of the Amended Complaint.

11. The Defendants admit separate Defendant Griffin is being sued in his official capacity. The Defendants deny, as pled, the remainder of the allegations contained in paragraph 17 of the Amended Complaint.

12. The Defendants admit the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, and 45 of the Amended Complaint. They admit to allegations in paragraph 41 of the Amended Complaint with the correction that Nathan Smith is the Prosecuting Attorney for the Nineteenth Judicial District – West.

13.     The Defendants deny, as pled, the allegations contained in paragraph 46 of the Amended Complaint.

14.     The Defendants admit separate Defendant Greg Sled is currently the Director of the Arkansas Tobacco Control Board, as alleged in paragraph 47 of the Amended Complaint. The Defendants deny, as worded, the remainder of the allegations contained in paragraph 47 of the Amended Complaint.

15.     The Defendants admit separate defendant Wes Ward is the Secretary of the Arkansas Department of Agriculture, as alleged in paragraph 48 of the Amended Complaint. The Defendants deny, as worded, the remainder of the allegations contained in paragraph 48 of the Amended Complaint.

16.     The Defendants admit the allegations contained in paragraph 49 of the Amended Complaint.

17.     Speaking only as to the prosecuting attorneys in each of their official capacities as prosecuting attorneys for the State of Arkansas, the Defendants admit the allegations contained in paragraph 50 of the Amended Complaint. The allegations, as worded, in paragraph 50 of the Amended Complaint are denied as to the remaining Defendants.

18.     The Defendants acknowledge Plaintiffs filed a Motion for Temporary Restraining Order or alternative Motion for Preliminary Injunction. Any remaining allegations contained in paragraph 51 of the Amended Complaint are denied.

19.     The Donovan article cited in paragraph 52 speaks for itself. The direct quote is not as written in the article. The Defendants deny all allegations, contentions, and summations of Plaintiffs that contradict or are not reflected in the article cited. All remaining allegations in paragraph 52 of the Amended Complaint are denied.

20. The Defendants admit President Obama signed the 2014 Farm Bill into law on February 7, 2014. They deny all allegations, contentions, and summations of Plaintiffs in paragraphs 53, 54, 55, and 56 of the Amended Complaint that contradict or are inconsistent with the law. All remaining allegations contained in paragraphs 53, 54, 55, and 56 of the Amended Complaint are denied.

21. Act 981 of 2017 speaks for itself. The Defendants deny all allegations, contentions, and summations of Plaintiffs in paragraph 57 of the Amended Complaint that contradict or are inconsistent with the law. Any remaining allegations contained in paragraph 57 of the Amended Complaint are denied.

22. The opinions in *Monson v. DEA*, 589 F.3d 952, 957 (8th Cir. 2009) and *United States v. Mallory*, 372 F. Supp. 3d 377 (S.D. W. Va. 2019) and the text of the 2018 Farm Bill speak for themselves. The Defendants deny all allegations, contentions, and summations of Plaintiffs contained in paragraph 58 of the Amended Complaint. Any remaining allegations contained in paragraph 58 of the Amended Complaint are denied.

23. The Defendants admit the 2018 Farm Bill was signed into law on December 20, 2018. They acknowledge "Exhibit 1" purports to be a copy of a portion of the 2018 Farm Bill. Any remaining allegations contained in paragraph 59 of the Amended Complaint are denied.

24. The Defendants state the 2018 Farm Bill speaks for itself, and deny all allegations, contentions, and summations of Plaintiffs inconsistent with the law contained in paragraphs 60, 61, 62, 63, 64, and 67 of the Amended Complaint. They acknowledge "Exhibit 2" as referenced in paragraph 62 purports to be a copy of a portion of a Conference Report. All remaining allegations contained in paragraphs 60, 61, 62, 63, 64 and 67 of the Amended Complaint are denied.

25. The Defendants admit the allegations contained in paragraph 65 of the Amended Complaint.

26. The Defendants deny the allegations contained in paragraph 66 of the Amended Complaint.

27. The Defendants deny the allegations contained in paragraphs 68, 69, and 71 of the Amended Complaint.

28. The Defendants acknowledge "Exhibit 3" purports to be a copy of a USDA Memorandum, which speaks for itself. They deny all allegations, contentions, and summations of Plaintiffs that conflict with the memorandum. Any remaining allegations contained in paragraph 70 of the Amended Complaint are denied.

29. Arkansas law regarding the regulation of hemp speaks for itself. The Defendants deny all allegations, contentions, and summations of Plaintiffs that are inconsistent with the law. All remaining allegations contained in paragraphs 72 and 73 of the Amended Complaint are denied.

30. The Defendants deny the allegations contained in paragraphs 74, 75, 76, 77, 78, 79, and 80 of the Amended Complaint.

31. Responding to paragraph 81 of the Amended Complaint, the Defendants restate and reallege their responses to paragraphs 1 through 80 of the Amended Complaint as if set forth herein word for word.

32. The Defendants deny the allegations contained in paragraphs 82, 83, 84, 86, 87, and 88 of the Amended Complaint.

33. The Defendants state the 2018 Farm Bill speaks for itself and deny all allegations, contentions, and summations of Plaintiffs contained in paragraph 85 of the Amended Complaint.

34. The Defendants acknowledge "Exhibit 4" purports to be a copy of a letter to the U.S. Deptartment of Justice and the DEA, which speaks for itself. They deny all allegations, contentions, and summations of Plaintiffs that contradict same. Any remaining allegations contained in paragraph 89 of the Amended Complaint are denied.

35. The Defendants deny the allegations contained in paragraph 90 of the Amended Complaint.

36. The Defendants state the webinar recording referenced in paragraph 91 of the Amended Complaint speaks for itself. All remaining allegations contained in paragraph 91 of the Amended Complaint are denied.

37. The Defendants acknowledge "Exhibit 5" purports to be a copy of a letter from the DEA to the Alabama Board of Pharmacy, which speaks for itself. They deny all allegations, contentions, and summations of Plaintiffs that contradict same. Any remaining allegations contained in paragraph 92 of the Amended Complaint are denied.

38. The Defendants state that 21 C.F.R. § 1308.11(31)(ii) speaks for itself. Any remaining allegations contained in paragraph 93 of the Amended Complaint are denied.

39. The allegations contained in paragraphs 94, 95, 96, 97, 98, and 99 of the Amended Complaint are denied.

40. Responding to paragraph 100, the Defendants restate and reallege their responses to paragraphs 1 through 99 of the Amended Complaint as if set forth herein word for word.

41. The Defendants state the opinion in *AK Futures, LLC v. LCF Labs, Inc.* No. 821CV02121JVSADSX, 2023 WL 2563155, at *1 n.1 (C.D. Cal. Feb. 2, 2023) speaks for itself; however, it is not controlling law. They deny all remaining allegations contained in paragraph 101 of the Amended Complaint.

42. The Defendants deny the allegations contained in paragraphs 102 and 103 of the Amended Complaint.

43. Responding to paragraph 104, the Defendants restate and reallege their responses to paragraphs 1 through 103 of the Amended Complaint as if set forth herein word for word.

44. The Defendants deny the allegations contained in paragraphs 105, 106, 107, 108, and 109 of the Amended Complaint.

45. The Defendants state that the opinions in *Armstrong v. United States*, 364 U.S. 40, 49 (1960), *Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302 (2002), *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2005), *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978), *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001), and *Yee v. City of Escondido*, 503 U.S. 519, 523 (1992) speak for themselves and deny all allegations, contentions, and summations of Plaintiffs that contradict with same. All remaining allegations contained in paragraphs 110, 111, and 112 of the Amended Complaint are denied.

46. The Defendants deny the allegations contained in paragraphs 113, 114, 115, and 116 of the Amended Complaint.

47. Responding to paragraph 117, the Defendants restate and reallege their responses to paragraphs 1 through 116 of the Amended Complaint as if set forth herein word for word.

48. The Defendants state the Fifth and Fourteenth Amendments of the U.S. Constitution speak for themselves and deny all allegations, contentions, and summations of Plaintiffs to the contrary. Any remaining allegations contained in paragraph 118 of the Amended Complaint are denied.

49. The Defendants deny the allegations contained in paragraphs 119, 120, 121, 122, 123, and 124 of the Amended Complaint.

50. Responding to paragraph 125, the Defendants restate and reallege their responses to paragraphs 1 through 124 of the Amended Complaint as if set forth herein word for word.

51. The Defendants deny the allegations contained in paragraphs 126, 127, 128, 129, 130, 131, 132, and 133 of the Amended Complaint.

52. The Defendants state this matter was set for hearing on August 23, 2023, as alleged in the WHEREFORE clause in subsection (a). The Defendants deny Plaintiffs are entitled to the requests for relief as stated in the WHEREFORE clause in subsections (b), (c), (d), (e), and (f).

53. Pleading affirmatively the Defendants deny that the 2018 Farm Bill creates a private right for Plaintiffs to possess and sell hemp and hemp products and deny same under Section 1983 or as an implied cause of action under the 2018 Farm Bill. As a result, the Defendants affirmatively state that this Court lacks subject matter jurisdiction over this matter, which should be dismissed.

54. Pleading affirmatively, the Defendants state Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted and therefore the Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

55. Pleading affirmatively, the Defendants are sued in their official capacities and are entitled to sovereign immunity on all monetary damages.

56. Pleading affirmatively, Separate Defendant Kyle Hunter pleads improper service and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), and therefore, the case as against him should be dismissed.

57. Pleading affirmatively, Separate Defendant Rebecca Reed McCoy pleads improper service and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), and therefore, the case as against her should be dismissed.

58. Pleading affirmatively, Separate Defendant Debra Buschman pleads improper service and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), and therefore, the case as against her should be dismissed.

59. Pleading affirmatively, Separate Defendant Nathan Smith pleads improper service and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), and therefore, the case as against him should be dismissed.

60. Pleading affirmatively, the Defendants state the Plaintiffs are not entitled to attorneys' fees or costs, and therefore, all such claims for relief should be denied.

61. The Defendants deny separately and specifically each and every material allegation of the Amended Complaint not herein admitted.

62. The Defendants have previously requested leave of Court to file an Amended Answer following the completion of discovery and do so again.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:   Christine A. Cryer
      Ark. Bar No. 2001082
      Senior Assistant Attorney General
      Arkansas Attorney General's Office
      323 Center Street, Suite 200
      Little Rock, AR 72201
      (501) 682-2029
      (501) 682-2591 fax
      Email:  christine.cryer@arkansasag.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I, Christine A. Cryer, hereby certify that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                                           Christine A. Cryer